[No. 4279. Decided July 15, 1902.]

FERDINAND SCHWEDE et ux., Appellants, v. ANDREW HEMRICH, Respondent.

TRIAL — STAY OF PROCEEDINGS — POWER OF COURT.

A court has power, even in the absence of statutory authority, to stay proceedings in an action until a judgment in another cause in the same court shall have been first paid and satisfied, when both actions are between the same parties and involve the same subject matter.

APPEAL — OBJECTIONS NOT URGED BELOW.

That an affirmative defense is inconsistent with the denials of an answer cannot be urged for the first time on appeal.

TRIAL — EXCLUSION OF EVIDENCE.

Where the answer admits plaintiffs' ownership of a lot in controversy, the refusal to admit in evidence the deed showing plaintiffs' title would not be error.

SAME — PAROL TESTIMONY DESCRIPTIVE OF PLAT.

Where a plat of land bordering upon tide water shows the meander line, it is not error to refuse to allow a witness to testify, upon a view of the plat, as to whether the lot in controversy comes up to the meander line, since the plat would show that fact for itself.

SAME — LEADING QUESTIONS.

Questions asked of plaintiff as to what was said to defendant about holding him to his contract, the breach of which was in issue, were properly excluded as leading and suggestive.

EVIDENCE — ADMISSIBILITY OF ERRONEOUS PLAT.

A copy of the original plat of an addition, although containing errors, is admissible in evidence for the purpose of showing the location of a lot therein, the errors being explainable by other testimony.

SAME.— HARMLESS ERROR.

In an action for breach of contract to apply for and procure from the state land commission for plaintiffs the tide land abutting upon their upland lot, the admission in evidence of what proof the defendant offered before the board to establish plaintiffs' title was not prejudicial error, since it was merely cumulative of the record of the commissioners showing the judgment rendered, which must be presumed as based upon competent and satisfactory evidence.

CONTRACT—BREACH.

Failure to prosecute an appeal from the determination of the board of state land commissioners would not constitute a breach of a contract whereby defendant had agreed to make application, in the name of the plaintiffs, for the purchase from the state of tide land claimed to abut upon plaintiffs' lot, and had agreed to "perform all conditions necessary and requisite in completing the title to said property at his own individual cost and expense, including the cost of appraisement and purchase of said land, attorney's fees," etc., in the absence of some provision clearly indicating that an appeal was within the contemplation of the parties.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*H. E. Foster* and *A. G. McBride,* for appellants.

*Sachs & Hale,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellants brought this suit against respondent to recover damages alleged to be due by reason of breach of contract. On the 16th day of March, 1895, appellants were the owners of lot 5 in block 6 of Judkins' Addition to the City of Seattle. The complaint alleges that said lot had a water frontage of 60 feet, and that it adjoined a certain tract of tide lands of the first class; that, by reason of the ownership and location of said lot, appellants had a preference right to purchase the tide lands immediately in front thereof; that such preference

right extended over and included an area of 7.6 acres of tide lands; that said lands were susceptible of division into thirty lots, of the dimension of 60 feet by 120 feet each, exclusive of streets; that on the date above named, for a valuable consideration, appellants entered into a written contract with respondent whereby it was provided that respondent should make a proper application to the state of Washington for the purpose of establishing appellants' preference right to purchase said tide lands, and of having an award made in their favor, and deeds executed by said state conveying the same to appellants; that, by the terms of said contract, respondent was to prepare and do all things necessary to be done for the purpose of securing title to appellants for said lands; that pursuant to the contract, and in behalf of appellants, respondent duly filed in the office of the commissioner of public lands an application to purchase the lands; that, in violation of his contract, respondent negligently and wrongfully failed to prosecute said application in a proper way, or give it proper attention; that, by reason of his default and neglect, respondent permitted the commissioner of public lands to make and enter an order on or about the 13th day of March, 1896, which recited that appellants were not the owners of the uplands abutting upon the tide lands described in said application; that, by reason of such negligent conduct on the part of respondent, said application was rejected, and a finding made against appellants; that respondent negligently refused to prosecute said matter to a final termination, as by his contract he was bound to do; that said tide lands were then of the reasonable value of $6,000, and judgment is demanded for that sum. The answer of respondent admits appellants' ownership of the upland lot hereinbefore described, and also that respondent filed in the office of the commissioner

of public lands in behalf of appellants an application to purchase certain tide lands therein described. Other allegations of the complaint are denied, except as admitted by the affirmative answer and defense. It is affirmatively averred that respondent, acting in pursuance of said contract, did, at the proper time and at his own expense, make application to the board of state land commissioners of the state of Washington to purchase all the tide lands in front of the city of Seattle, which appellants claimed the preference right to purchase by virtue of their ownership of the lot above described; that at his own expense he employed an attorney to appear before said board and represent appellants as such applicants, and to do and perform each and every act and thing necessary and legal to procure title to said lands; that said attorney did so appear, and did perform each and every thing proper and legal in attempting to procure an award to appellants of the preference right to purchase said lands; that said application was rejected by said board from no fault or negligence of respondent or his said attorney; that respondent did and performed all that was required of him by said contract. The affirmative answer is denied by the reply. The case was tried before a jury, and, at the conclusion of all the testimony, respondent's counsel challenged the sufficiency of the evidence introduced on the part of appellants, and moved the court to take the case from the jury and render judgment in favor of respondent. The motion was granted, and judgment rendered accordingly, from which this appeal was taken.

The first assignment of error is that the court granted a motion made by respondent to stay proceedings in this cause until the judgment in another cause should be first paid and satisfied. It appears that a previous action had been brought by appellants . against respondent in the

same court, involving the same subject-matter. In that action a motion was made for an order of compulsory non-suit, which was by the court granted; and judgment was entered against the plaintiffs in that action, who are the appellants here, for $23 costs. Before pleading in this case respondent moved for a stay of proceedings until the judgment in the former case should be paid, which motion was granted. Thereupon appellants paid the former judgment, after which this case proceeded. The action of the court in staying proceedings is now urged as error. It is contended that there is no statutory authority for such a stay of proceedings, and that in the absence of such authority the court is without power to enforce such an order. No such statute has been pointed out to us, and we are not aware that any such exists in this state. In the jurisdictions where this question has been considered, it does not appear to have been treated as a rule resting upon statutory authority, but rather as one which has been evolved with the growth of English and American jurisprudence as an orderly and wholesome rule of procedure to prevent the multiplicity of vexatious suits. In 23 Am. & Eng. Enc. Law, p. 527, note 4, numerous English and American authorities are cited in support of the rule. We have examined and cite below cases from different jurisdictions, none of which appear to base their reasons for the rule upon statutory authority. The rule was early adopted in New York in *Cuyler v. Vanderwerk,* 1 Johns. Cas. 247, in a very brief opinion, and has been followed by numerous subsequent New York cases. For a collection of many New York cases see note 4 on the page of the Encyclopedia cited above. See also, *Flemming v. Pennsylvania Ins. Co.,* 4 Pa. St. 475; *Gerrish v. Pratt,* 6 Minn. 53; *McIntosh v. Hoben,* 11 Wis. 418; *State ex rel. Curtis v. Howe,* 64 Ind. 18; *Sooy v. McKean,* 9 N. J.

Law., 109; *Robinson v. Merchants, etc., Transportation Co., 16 R. I. 217 (14 Atl. 860); Henderson v. Griffin,* 5 Pet. 151.

In *Flemming v. Pennsylvania Ins. Co., supra,* the court, at page 477, says:

"The practice of the courts, in this respect, is wholesome and beneficial, and often operates as a penalty by which individuals are protected from being harassed by a multiplicity of suits for the same cause of action."

We believe the rule is both wholesome and just. It appears to have been the practice at common law, and, in the absence of a statute to the contrary, is a proper rule of procedure in this state. We hold that the court did not err in granting the motion to stay proceedings. It is true, appellant paid these costs without seeking other relief than by way of exception to the order of the court; but, whatever may be said of procedure that might have been invoked, we have deemed it advisable to determine the matter upon its merits, since it is seriously urged here as error.

The second assignment of error is that respondent's answer is inconsistent, and it is alleged that the affirmative defense contradicts the denials theretofore introduced. Appellants did not, however, move for judgment upon the pleadings and no objection appears to have been made to the answer by way of motion or demurrer in the court below. The affirmative answer undoubtedly states a defense to the cause of action set forth in the complaint, and objection to it cannot now be urged for the first time in this court.

It is assigned as error that the court rejected the following evidence offered by appellants: An offer of the deed showing title to the aforesaid lot 5 in appellants was rejected for the reason that the answer admitted them to be

9—29 Wash.

the owners. It was properly rejected as immaterial. A witness was asked whether, by the showing of an exhibit then handed him, said lot 5 comes up to the meander line. An objection was sustained for the reason that the plat showed for itself. This was not error. Questions were asked of one of the appellants as to what was said to respondent about holding him to his contract upon the action of the board of state land commissioners. An objection was sustained on the ground that the questions were leading and suggestive. They were clearly so, and the objections were properly sustained.

It is next assigned as error that the court admitted the following evidence: A copy of the original plat of the addition, including said lot 5, was offered in evidence by respondent. It was objected to on the ground that the parties who executed the plat undertook to plat lands outside of the meander line, and to which they had no title. The offer was made for the purpose of showing the location of lot 5 in connection with the shore line. It was properly admitted. Appellants had purchased the lot with reference to this plat. It was at least admissible in evidence for what it was worth, and for the purpose of showing what was in fact the original plat. If there were errors in the plat, they were explainable by other testimony. Respondent also offered evidence as to what proof of ownership in appellants as to said lot 5 was made before the board of state land commissioners. It was objected to on the ground that the record only is competent evidence upon the subject. Undoubtedly the record is the only competent evidence as to the application and as to the findings and judgment of the board, but it does not follow that the evidence upon which the findings and judgment were based was necessarily a part of the record. A certified copy of the record introduced does not dis-

close the evidence. It is doubtful if this evidence became material here, since the ultimate action of the board was the essential thing. It must be presumed here that the findings and judgment were based upon competent and satisfactory evidence. The offered evidence was, therefore, no more than immaterial or cumulative, as being in corroboration of the record already in evidence, and its admission did not constitute reversible error.

It is last assigned that the court erred in granting respondent's challenge to the sufficiency of the evidence, and in withdrawing the case from the jury and entering judgment for respondent. We think the action of the court was correct. The evidence showed beyond question that respondent had fully complied with the terms of the aforesaid contract, in causing application to be made to the proper state authorities to establish appellants' preference right to purchase the said tide lands, and that said application was prosecuted to a final determination before said board. The evidence also disclosed that the application was rejected on the ground that appellants were not the owners of the upland abutting upon the tide lands sought to be purchased. They were the owners of said lot 5, it is true; but it appears that the board found that said lot does not abut upon the meander line, and that other upland in fact lies between said lot and the inner line of the tide lands. It is urged as a breach of the contract that respondent did not cause an appeal from the decision of the board to be prosecuted. There is considerable evidence in the record upon that subject. Under the evidence, it is very probable that the failure to appeal was due to appellants' neglect to deliver to respondent's attorney the mailed notice from the board showing the date of the entry of the findings and judgment, and also the time within which an appeal could be

taken, until it was too late to perfect an appeal. However, if that were material, it probably should have been submitted to the jury. But we do not think it became material under the contract. The contract did not provide for an appeal. We do not think it can be held that respondent was bound to incur the expense of an appeal to the superior court, and then to this court, in the absence of some provision in the contract clearly indicating that such was the intention of the parties. It contains no such provision. It simply provides that application shall be made at the office of the commissioner of public lands, and that respondent " will perform all conditions necessary and requisite in completing the title to said property at his own individual cost and expense, including the cost of appraisement and purchase of said land, attorney's fees," etc. Nothing whatever is said of any further obligation upon respondent than to prosecute an application before the proper state authorities, with whom rested the primary duty of hearing it, and the power of determining appellants' rights thereunder. While there may be a sort of unwritten rule in this new state to prosecute controversies to tribunals of the last resort, yet there is no law imposing upon litigants a duty to do so, and we think a contract of the nature here under consideration cannot be held to impose such duty unless it specifically and clearly states that such was intended. The evidence clearly showed a compliance with the contract, and there was no breach upon which to found a verdict and judgment for damages.

We think the court did not err in withdrawing the case from the jury and entering judgment for respondent. The judgment is affirmed.

REAVIS, C. J., and ANDERS, MOUNT, FULLERTON and DUNBAR, JJ., concur.