[No. 4411.   Decided February 25, 1903.]

EMMA P. PLUMLEY, *Appellant,* v. JEANNETTE SIMPSON, *Respondent.*

TRIAL — STAY OF PROCEEDINGS UNTIL PAYMENT OF COSTS IN OTHER ACTION — POWER OF COURT.

An order of the court staying proceedings in an action, until a judgment against plaintiff for costs in a prior action between the same parties involving the same subject-matter was paid, is a valid exercise of the court's powers.

SAME — RECORD IN OTHER CAUSE — JUDICIAL NOTICE.

The fact that such prior judgment was void for want of jurisdiction would not be a matter of which the trial or appellate court could take judicial notice on the motion for stay of proceedings, nor could such record in the prior cause be made available, unless introduced in evidence in the lower court and incorporated in the record on appeal.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Lyman E. Knapp* and *I. D. McCutcheon,* for appellant.

*Roberts & Leehey* and *J. W. Langley,* for respondent.

PER CURIAM.—On February 6, 1902, the appellant, being then the holder of a certificate of delinquency of certain taxes assessed against lands belonging to the respondent, applied to the superior court for a judgment of foreclosure. A summons in the usual form was issued and served, after which the defendant appeared and moved the court to stay the proceedings until a judgment for costs, which the respondent had obtained against the appellant in another proceeding brought by the appellant to foreclose the same certificate, was paid and satisfied; showing by affidavit accompanying the motion, the facts upon which the motion was based. The affidavit was not controverted, and the trial court, after notice and hearing, granted the stay moved for. The appellant thereafter in open court gave notice of her refusal to pay the judgment entered in the former proceeding, whereupon the court entered a judgment dismissing the pending proceeding. This appeal is from the judgment of dismissal.

In *Schwede v. Hemrich,* 29 Wash. 124 (69 Pac. 643), we held that the trial court had power to require, as a condition precedent to the maintenance of an action, that the plaintiff pay the costs awarded the defendant in another action between the same parties, for the same cause of action, in which a compulsory nonsuit had been entered. It seems to be conceded by the appellant that the principle of that case applies to this action, but she contends that the judgment which the trial court required her to pay as a condition precedent to the maintenance of the present

action is void for want of jurisdiction. To show this fact, she has caused the clerk to certify into this court the entire record of the cause, and asks us to consider it in passing upon the objection made. But this record is not before us. A trial court cannot notice judicially the record of another cause, even though it be between the same parties and in the same court, and what the trial court cannot notice judicially, this court cannot notice. *Bartelt v. Seehorn*, 25 Wash. 261 (65 Pac. 185). To have made the record available, it should have been introduced as evidence in the trial court and brought here by a statement of facts, or bill of exceptions, over the certificate of the trial judge.

Turning to the record properly before us, viz., the motion and affidavit, we see nothing that indicates a want of jurisdiction in the court rendering the judgment. Stripped of their verbiage, the motion and affidavit recite the fact that an action upon this same cause of action by the same plaintiff against the same defendant was begun in the superior court having jurisdiction of the subject-matter, that the action was dismissed by plaintiff, and that costs were adjudged against the plaintiff and in favor of the defendant for the sum of fifteen dollars. This shows a valid, not a void, judgment, and, as the court cannot know judicially what the actual proceedings were, it cannot find the judgment void.

The judgment appealed from is affirmed.