[No. 5927.   Decided March 23, 1906.]

J. W. ARTHUR, *Appellant,* v. THE WASHINGTON WATER POWER COMPANY, *Respondent.*[1]

ACTIONS — ABATEMENT — STAYING PROCEEDINGS — FAILURE TO PAY COSTS OF FORMER ACTION. Upon a prosecution of a second action for the same cause, after a voluntary dismissal of the former action at plaintiff's costs, it is proper to stay the proceedings of the second action until the costs in the first action are paid, where the order was in effect one for the payment of such costs.

SAME—DISMISSAL—FAILURE TO PROSECUTE. The dismissal of an action for failure to prosecute it with diligence, entered on the 14th day after staying proceedings until the costs of a former action had been paid, is not error where the action had been pending two and one-half years and there was no showing that the appellant could not have paid the costs within such time.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 18, 1905, dismissing an action on motion of the defendant, for failure to prosecute with diligence. Affirmed.

*C. S. Voorhees* and *Reese H. Voorhees,* for appellant.

*H. M. Stephens,* for respondent.

HADLEY, J.—This appeal is from a judgment dismissing an action for failure to diligently prosecute it. The complaint and summons were served upon the defendant on July 8, 1902. On the 25th day of the same month certain motions were served and filed by the defendant, among which was a motion for an order requiring the plaintiff to pay the costs of an action theretofore instituted by the plaintiff against the defendant, such payment to be required as a condition precedent to the prosecution of this action. The motion stated that the former action was for the same cause as that set forth in this complaint. The motion was supported by affidavit which stated that the former action was voluntarily

[1]Reported in 85 Pac. 28.

dismissed by the plaintiff, and that costs were taxed in favor of the defendant against the plaintiff, in the sum of $73, no part of which had been paid. The action remained in that condition from July, 1902, until March 1, 1905, when the defendant caused the motion to be noted for hearing on March 4. On the last named date, after a hearing, the court entered an order sustaining the motion, and also ordering that further proceedings in behalf of plaintiff be stayed until he should pay said judgment for costs. Following the above order, the defendant moved the court for an order dismissing the cause, for the reason that the plaintiff had failed to diligently prosecute the action. The motion was supported by affidavit reviewing the history of the cause as above set forth, and stating that the said judgment for costs had not been paid. On the 18th day of March, after a hearing of the motion, it was granted, and judgment entered dismissing the action. The plaintiff has appealed.

It is first assigned that the court erred in causing the order to be entered staying proceedings until the costs of the former action should be paid, in the absence of an order requiring the payment of such costs. The motion upon which the order was based asked for an order requiring the payment of the costs as a condition precedent to the prosecution of the second action. The order stated that the motion was granted, and it also added that proceedings should be stayed until the costs were paid. The order was therefore, in effect, one requiring the payment of the costs. It is true no time was fixed within which payment should be made, but the motion to require the payment had been pending in the cause for more than two and one-half years, and the order could have been no surprise to appellant in view of the decisions of this court in similar cases. *Schwede v. Hemrich,* 29 Wash. 124, 69 Pac. 643; *Plumley v. Simpson,* 31 Wash. 147, 71 Pac. 710.

If, therefore, appellant could not pay the costs at once, he was at least under obligations to pay within a reasonable time if he desired to further prosecute the second action. He as-

signs as error that on the 14th day after the order staying proceedings, the court dismissed the action for want of diligent prosecution. The record does not disclose that any showing was made to the court that appellant could not have paid the costs, or that for any reason the time that had elapsed was insufficient. The motion to dismiss also reached to failure in all matters of diligence to prosecute, and not alone to failure to pay the costs. The court was advised that this, a second action, had been pending for more than two and one-half years, and that appellant had of his own initiative taken no steps within all that time to forward the prosecution of the case. Such facts were proper to consider in connection with the failure to pay costs, and upon all the facts taken together, we think the court was justified in dismissing the action. While it is true the respondent could have taken steps to forward the action, yet the suit having been brought by appellant, the duty was particularly upon him to see that diligence was exercised. In *Langford v. Murphey,* 30 Wash. 499, 70 Pac. 1112, we said:

"Nor do we think that the fact that the statute permits the defendant to bring a case on to hearing deprives the court of its unquestioned common-law, if not inherent, power to clear its dockets of abandoned or stale actions."

See, also, *First Nat. Bank v. Hunt,* 40 Wash. 190, 82 Pac. 285. We shall therefore not interfere with the discretion of the trial court in dismissing the action, under all the circumstances. The judgment is affirmed.

MOUNT, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.