[No. 20234. Department One. April 27, 1927.]

FRANCES E. MERRICK, *Respondent, v.* ROBERT NEELY
*et al., Defendants,* PHOEBE GRAY,
*Appellant.*[1]

[1] EVIDENCE (14) — JUDICIAL NOTICE — JUDICIAL PROCEEDINGS AND
RECORDS. The supreme court will not notice judicially the
record in another cause when not pleaded and proved; hence
a motion to dismiss an appeal on the ground that the contro-
versy was determined in another cause, not brought before the
lower court, must be denied.

[2] PARTIES (55)—NONJOINDER OF PARTY DEFENDANT—WAIVER OF
DEFECTS AND OBJECTIONS. The objection that there is a defect
of parties defendant, without whose presence there can be no
complete adjudication, cannot be urged on appeal where the
appellant had power to bring the party into the case and made
no attempt to do so.

[3] SALES (178)—CONDITIONAL SALES—BONA FIDE PURCHASER FROM
BUYER. The purchaser of apartment house furniture and lease
by conditional sale is shown to have had notice of a lien
through a prior conditional sales contract, where her bill of
sale recites that the title conveyed was subject to a "first
mortgage" in the sum of $12,300, which was the amount then
due on such prior conditional sales contract.

[4] EVIDENCE (179)—PAROL—CONSTRUCTION OF WRITTEN INSTRUMENT
—INTENT OF PARTIES. It is permissible to show by parol that
an assignment of a lease, absolute in form, was in fact subject
to a lien for the security of a debt.

[5] WAREHOUSEMEN (5-1)—STORAGE CHARGES—LIABILITY. Plaintiff
in replevin, entitled to the possession of personal property,
placed in storage, who failed to immediately assert her right
to the possession, is not entitled to charge the accumulating
storage charges to the defendant.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered February 6, 1926,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Modified.

[1]Reported in 255 Pac. 936.

*Henry W. Parrott* and *W. C. Hinman,* for appellant.

*Chester & Pixley* and *Stanley J. Padden,* for respondent.

FULLERTON, J.—On March 31, 1924, Gardner J. Gwinn and his wife were the owners of certain described real property, situated in the city of Seattle, on which was an apartment house. On that day, they leased the property to Edith W. Gay for a term of five years, the term commencing on July 1, 1924. The lease was in writing and was executed in duplicate; one of the duplicate copies being retained by the lessor and the other by the lessee. The consideration for the lease was a cash payment of $7,500, and an agreement to pay in advance a stated sum monthly during the term of the lease, save for the last five months of the term. The lease contained a number of conditions, and provided that, in the case of the breach of any of them, or in case of a failure to pay the stated monthly rental, the lessor could forfeit the lease and retain the cash payment as liquidated damages. The lease also contained an agreement for the assignment of the lease by the lessee with the consent of the lessor.

On July 3, 1924, the lessee assigned the lease to Viola Davis and W. R. Hoover and wife, who on September 8, 1924 assigned it to the respondent, Frances E. Merrick. These assignments, together with the landlord's consent to the assignments, were also in writing and executed in duplicate. One of the duplicate copies was retained by the landlord and attached to his copy of the lease, and the other was attached to the lease retained by the original lessee, and passed in turn with the lease to the several assignees at the times of the respective assignments. In none of these assignments is mention made of the furniture in the apartment

house, but we gather from the record that the furniture belonged to the first lessee, and passed to the several assignees of the lease at the time of the assignments.

On October 3, 1924, the plaintiff, Merrick, with the assent of the lessors, assigned the lease to Robert Neely and wife. This assignment was also executed in duplicate, one copy thereof being retained by the landlord and the other by the assignee of the lease. The assignment was absolute in form, making no mention of any reserved interest. Merrick, however, entered into a separate agreement with the Neelys by which she purported to sell the lease and the furniture in the apartment house to them under a contract of conditional sale. The agreement recited a purchase price of $18,500, recited that $5,000 of the sum had been paid thereon, and provided for the payment of the remainder ($13,500) in monthly installments in stated sums. The parties also entered into an escrow agreement in which the Dexter-Horton National Bank (Seaboard Branch) joined as a third party. By the terms of this agreement, the escrow holder was to retain possession of the instruments until the deferred payments of the purchase price were made. The escrow holder filed the instrument for recording with the county auditor of the county in which the property was situated, some few days after the date of the contract.

On December 31, 1924, Neely and wife made a written assignment of the lease to one G. H. Arnold. This assignment was absolute in form, and bore the written consent of the landlord endorsed thereon, but whether it was executed in duplicate in the manner of the earlier assignments does not appear. Neely and wife, however, entered into a special contract with Arnold by which they purported to sell him the property under a contract of conditional sale. This contract recited a

purchase price of $22,500, of which the vendee had paid
$6,700; that as a part of the purchase price he assumed
and agreed to pay a "chattel mortgage" then on the
property of $13,100; and that he agreed to pay the re-
mainder of the purchase price in monthly installments.
The conditional sale contract was filed for record, but
for some reason not stated was not actually recorded.

On April 11, 1925, Arnold, with the written consent
of the landlord, made an absolute assignment of the
lease to the appellant, Phoebe Gray. He also at the
same time by a written bill of sale purported to sell
her his leasehold interest together with the furniture
in the apartment house, reciting in the bill of sale
that both the interest and the furniture were sold "sub-
ject to a first mortgage of $12,300.  .  .  .  " The ap-
pellant, however, did not assume or agree to pay the
mortgage.

· After the appellant had taken possession of the prop-
erty, Neely and wife served a notice of forfeiture upon
her, pursuant to the conditions of the contract of con-
ditional sale they had made with Arnold, and demanded
possession of the property. The appellant thereupon
caused the furniture to be removed from the apart-
ment house and stored with the respondent, Bekins
Moving & Storage Co., subject to the order of Neely,
but did not surrender, or offer to surrender, the pos-
session of the premises which she held under her assign-
ment of the lease. Neely thereafter assigned his inter-
est in the furniture and in the lease to the respondent,
Merrick.

Thereafter the respondent, Merrick, served upon the
appellant a notice of forfeiture of her contract of con-
ditional sale with Neely and wife, demanding from her
possession of the property; that in storage with the
Bekins Moving & Storage Co., as well as the leased

premises the appellant Gray was then holding under her assignment. The appellant made no contention with respect to the personal property, but refused.to surrender possession of the leased premises.

The respondent thereupon began the present action to recover the property, in which action a receiver was appointed. At the trial, there was no contest of the right of the respondent to the furniture in storage with the storage company, save and except as to the question who should pay the storage charges incurred by reason of the storage. The trial was had before the court without a jury, and resulted in a judgment awarding the stored property and the leasehold interest to the respondent. It further adjudged that the storage company had a storage lien upon the furniture in the sum of two hundred forty-seven dollars, and for this sum allowed a judgment in favor of the respondent against the appellant Gray.

[1] The respondent moves to dismiss the appeal on the ground that the appellant no longer has any interest in the controversy, and points to the case of *Pappas v. Taylor,* 138 Wash. 22, 244 Pac. 390, for the facts on which to substantiate the claim. But the record in that case is not before us. It was neither introduced in evidence, nor was the judgment of the court below based thereon. The appellate court must determine the merits of an appeal on the record before it. It will not notice judicially the record in another cause, even between the same parties in the same court, when not pleaded and proved. *Lownsdale v. Grays Harbor Boom Co.,* 54 Wash. 542, 103 Pac. 833; *Murphy v. Citizens Bank of Junction City,* 82 Ark. 131, 100 S. W. 894, 11 L. R. A. (N. S.) 616.

[2] The appellant's first contention is that there is a defect of parties defendant. She argues that there can

be no complete adjudication of the rights of the parties without the presence of the landlord and the intermediate assignees of the lease between the respondent and herself. But as to the assignees, with the exception of Neely and wife, their assignments were absolute and plainly they have no further interest in the lease. As to Neely and wife, who did reserve an interest by a conditional contract of sale, they have estopped themselves to make any further claim by assigning such interests as they reserved to the respondent. As to the landlord, his presence could be material only on the theory that he would not consent to a reinvestment of the leasehold interest in the respondent. Whether he would so consent or not, the record is silent, and it was within the appellant's power to show the fact. This, we think, she could have done under the pleadings as they stand; but, if this be not so, certainly it was within her power to bring him into the action as a party and make the question an issue. Not having offered proof on the question, nor attempted to make him a party, the court will not presume that his presence was so far necessary as to prevent an adjudication of the issues framed between herself and the respondent.

[3] The appellant's principal contention is that the court erred in its holding that she took her assignment of the lease subject to the provisions of the contract of conditional sale made by the respondent to Neely and wife, through whom she deraigns title. It will be remembered that the several assignments of the lease, in so far as they were consented to by the landlord, were absolute in form. Based on this fact, she argues, first, that she is a purchaser without notice of the conditional nature of the assignment from the respondent to the respondent's immediate assignee, and second, that, conceding that she had such notice, she is not estopped from asserting the absolute nature of the assignments.

On the question whether she purchased with notice, the evidence in our opinion amounts to almost a certainty that she did have such notice. The great weight of the oral evidence was to that effect, and the very bill of sale by which she acquired title to the furniture in the apartment house on the leased premises recites that the furniture and leasehold interest which she then acquired were subject to a lien of $12,300. True, the lien is described as a "first mortgage," and there was no mortgage, known technically as such, on the property. But the sum stated to which it was subject was the precise sum then due the respondent under her conditional contract of sale, and this alone was sufficient to put her upon inquiry, even though the nature of the lien was not accurately described.

[4] The second branch of the objection, we think, is also without merit. This court has often held, and it is the general rule, that instruments in the form of absolute conveyances of property, executed with all the formality of absolute conveyances, may be shown in equity to be security merely, and has held that a subsequent purchaser with notice takes subject to the condition. On like principles we think it permissible to show by parol that an assignment of a lease, absolute in form, is in fact subject to a lien for the security of a debt.

Some confusion arose from the fact that the lease, and several of the assignments of the lease, were executed in duplicate, and an argument is had over the question which of the instruments is to be taken as representing the written evidence of the several transactions. But we cannot regard this as a material circumstance in so far as it affects the present inquiry. Tracing the appellant's title through either set of instruments, the same result is reached; the evidence is clear that she took her title with notice.

The conclusion follows that the respondent may assert her lien as against the title of the appellant, and the trial court did not err in so holding.

[5] But we see no justification for that part of the judgment which charges the appellant with the storage on the furniture while it was in the possession of the storage company. Neely, it will be remembered, sold the furniture to his immediate assignee of the lease on a conditional sale contract. On the breach of that contract, he demanded possession of it from the appellant, and the appellant recognized his right of possession. For want of specific directions as to the place of delivery, she delivered it to the storage company, subject to his order. He did not himself choose to take it from its place of storage, but assigned his right to the respondent. The respondent, instead of immediately asserting her right, allowed the furniture to remain with the company from April 14, 1925, until February 24, 1926. Plainly, we think she should not be allowed to charge the storage accumulating during the delay to the appellant.

The judgment is reversed, and the cause remanded with instructions to so modify it as to relieve the appellant from the storage charge of two hundred forty-seven dollars. The appellant will recover her costs in this court.

MACKINTOSH, C. J., FRENCH, MITCHELL, and MAIN, JJ., concur.