[No. 31675. Department One. February 7, 1952.]

STEVE SWAK, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1] Reported in 240 P. (2d) 560.

*The Attorney General* and *Francis J. Walker, Assistant,* for appellant.

*Walthew, Gershon, Yothers & Warner,* for respondent.

WEAVER, J.—May a trial court take judicial notice of judgments entered by it in prior and separate litigation between the same parties?

Respondent sustained a head injury September 9, 1928, while engaged in extrahazardous employment. He was compensated under the workmen's compensation act for time lost, but not for permanent partial disability. His claim was closed by the department December 21, 1928.

On February 18, 1946, respondent applied to have his claim reopened, on the ground that his condition had become aggravated. The supervisor denied the application. Upon petition, the joint board granted a hearing and thereafter sustained the action of the supervisor. Respondent appealed to the superior court.

At the trial, November 24, 1950, two issues were presented to the jury: (1) whether respondent suffered any aggravation of his condition after the closing of his claim on December 21, 1928, and prior to February 18, 1946; and (b) the amount of permanent partial disability compensation, if any, to which respondent was entitled. Under appropriate instructions, the jury found that respondent's condition had become aggravated and that he was entitled, under the workmen's compensation act, to one hundred per cent disability for unspecified injuries to his head. The department of labor and industries has appealed.

At the close of plaintiff's (respondent's) case, appellant's counsel challenged the sufficiency of the evidence. He requested the trial court, in ruling on the challenge, to take judicial notice of three judgments, not a part of the departmental record, which, he stated, had theretofore been entered by the same court between the parties in prior and

separate litigation. The original judgments were handed to the court at the time of trial, but were not offered as exhibits. Counsel urged that these judgments, when judicially noticed, showed that respondent had previously been awarded judgment for more than the maximum amount allowable under the statute for permanent partial disability, whether accruing as the result of one accident or of more than one accident.

Appellant's first assignment of error is directed to the trial court's refusal to take judicial notice of these judgments.

The three judgments were not a part of the departmental record. They could not, therefore, be introduced on appeal to the superior court. Rem. Rev. Stat. (Sup.), § 7697-2 [P.P.C. § 704-3]; *Strmich v. Department of Labor & Industries,* 31 Wn. (2d) 598, 198 P. (2d) 181.

A court of this state will take judicial notice of the record in the cause presently before it or in proceedings engrafted, ancillary, or supplementary to it. *State ex rel. Sander v. Jones,* 20 Wash. 576, 56 Pac. 369 (in contempt proceedings to enforce injunction, order granting injunction noticed); *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572 (on request of one defendant, judgment in favor of codefendant noticed); *Flood v. Libby,* 38 Wash. 366, 80 Pac. 533 (original judgment noticed in proceedings supplemental to execution thereon); *Hale v. Crown Columbia Pulp & Paper Co.,* 56 Wash. 236, 105 Pac. 480 (in action by guardian *ad litem,* his appointment noticed); *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140 (in action on sheriff's bond, prior order granting leave to sue noticed); *Perrault v. Emporium Dept. Store Co.,* 83 Wash. 578, 145 Pac. 438 (on second appeal, after new trial awarded on first appeal, facts in record of first trial noticed); *In re Parkes' Estate,* 101 Wash. 659, 172 Pac. 908 (in action to establish trust and claim against decedent's estate, probate proceedings and record thereof noticed); *Regenvetter v. Ball,* 131 Wash. 155, 229 Pac. 321 (order granting new trial noticed on appeal after second trial); *State ex rel. McDowell v. Superior Court,* 152 Wash. 323,

277 Pac. 850 (record in original action noticed in proceedings supplemental to execution); *Cloquet v. Department of Labor & Industries,* 154 Wash. 363, 282 Pac. 201 (in workmen's compensation case involving aggravation of injuries, record in prior case *involving same injury* noticed); *In re Laack's Estate,* 188 Wash. 462, 62 P. (2d) 1087 (prior record in proceeding to revoke letters of administration noticed, where same transaction was involved and prior record incorporated by reference); *In re Robinson,* 9 Wn. (2d) 525, 115 P. (2d) 734 (in proceeding to remove guardian, record in guardianship proceedings noticed).

In each of the cited cases, the nature of the proceeding was such that the trial or the appellate court could infer that prior proceedings had taken place in the case before it or in proceedings engrafted, ancillary, or supplementary to it. The record of those proceedings was then noticed judicially.

However, courts of this state cannot, while trying one cause, take judicial notice of records of other independent and separate judicial proceedings even though they be between the same parties. The record, though public, must be proved. *Bartelt v. Seehorn,* 25 Wash. 261, 65 Pac. 185; *Plumley v. Simpson,* 31 Wash. 147, 71 Pac. 710; *Lownsdale v. Grays Harbor Boom Co.,* 54 Wash. 542, 103 Pac. 833; *Merrick v. Neely,* 143 Wash. 588, 255 Pac. 936; *Large v. Shively,* 186 Wash. 490, 58 P. (2d) 808; *Bodeneck v. Cater's Motor Freight System,* 198 Wash. 21, 86 P. (2d) 766.

The reason for the rule is apparent. The decision of a cause must depend upon the evidence introduced. If a court should take judicial notice of facts adjudicated in a different case, even between the same parties, it would make those facts, unsupported by evidence in the case in hand, conclusive against the opposing party; while, if they had been properly introduced, they might have been controverted and overcome.

The record in this case cannot meet this test. The three judgments, which appellant urges be judicially noticed, show on their faces that they were entered in causes

completely independent and separate from the instant case. The trial court did not err in refusing to take judicial notice of them.

Appellant's next two assignments of error are directed to the trial court's denial of appellant's motion for a nonsuit and motion for judgment notwithstanding the verdict or in the alternative for a new trial. The fourth assignment claims the judgment was not in accordance with the law or the facts of the case. These matters are argued in the brief, however, only as they might have been disposed of had the trial court taken judicial notice of the three judgments discussed under the first assignment of error. Be that as it may, we have examined the record and find that it contains evidence sufficient to require the submission of the case to the jury.

The fifth assignment of error is based upon the court's refusal to give appellant's requested instruction No. 2. Appellant excepted to the court's refusal to give it "for the reason that under the issues raised, the requested instruction gives a more complete picture to the jury." The instructions given fully apprised the jury of the issues involved. This assignment of error is without merit.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and DONWORTH, JJ., concur.

March 13, 1952. Petition for rehearing denied.