IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 78245-2-I |
| | ) | |
| PAULA RENEE OWENS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL LEON WEAR, | ) | |
| | ) | FILED: September 23, 2019 |
| Appellant. | ) | |

VERELLEN, J. — The court in a dissolution proceeding has broad discretion to impose a restraining order. A court abuses that discretion, however, if it relies exclusively on judicially noticed facts from an entirely separate proceeding. We therefore vacate the restraining order entered in this matter.

## FACTS

Paula Owens and Michael Wear were married on December 19, 2008 and separated six years later in late 2014.[1] In early February 2017, Owens filed a petition for divorce.[2]

---

[1] Clerk's Papers (CP) at 5.

[2] CP at 36.

Owens petitioned for dissolution using the mandatory family law form FL 201. In her petition, she checked the boxes to request a restraining order requiring that Wear not disturb her peace, that he not knowingly go or stay within 300 feet of her home, workplace, or school, and that he not hurt or threaten her.[3] Owens did not, however, file a motion for either a temporary family law order or an immediate restraining order.[4] Wear did not move for any temporary relief. The court issued a standard temporary restraining order (TRO) directing the parties to preserve their property and insurance policies, pay their own debts, and share financial information and records as needed.[5] But this TRO did not impose any of the restrictions sought by Owens in her petition for dissolution.

In his timely response to Owens' petition, Wear objected to the entry of a restraining order.[6] The case went to trial on March 1, 2018.[7] Owens did not appear.

At trial, the court asked Wear what he knew about Owens' request for a restraining order.[8] Wear told the court "this is the second time" Owens had sought such an order and that her prior request for a protection order had been dismissed

---

[3] CP at 44-45.

[4] See Forms FL 221, 223.

[5] CP at 32-33.

[6] CP at 27-31.

[7] CP at 25.

[8] Report of Proceedings (RP) (Mar. 1, 2018) at 8.

with prejudice.[9] Beyond that, he said, "I don't know, I have no contact with her, so I don't know what she is talking about."[10] Under further questioning by the court, Wear also stated that he and Owens "didn't really see each other for a couple of years until we started going to court with each other so I have no contact with her, none."[11] He asserted that there was no basis for what Owens was requesting, and that he did not even know her phone number.[12]

The court responded by indicating "for the record" the cause number of the petition Owens had filed in April, 2016 seeking an order of protection from harassment by Wear.[13] The court then stated, "I'm going to take judicial notice of that action and the results of it in the paperwork[; they] are all part of the court file."[14] The court explained that the "new computer system links these things."[15]

The court stated, "In that petition, she indicates that she is a victim of unlawful harassment[.] [S]he indicated quite a few things. I am not going to go through them, but I am going to take judicial notice of the content of her petition and her declaration."[16] The court noted that both Owen and Wear were present

---

[9] Id.

[10] Id.

[11] Id. at 9.

[12] Id.

[13] Id.

[14] Id.

[15] Id.

[16] Id. at 10.

when Owens' 2016 petition was heard on April 29, 2016 and that two declarations were filed, one by Wear and one by Owens.[17] The court also stated that a commissioner "heard the matter and he just dismissed the TRO with prejudice based on what he said was insufficient evidence."[18]

The court then marked as Exhibit 4 a declaration apparently filed by Owens on April 26, 2016 in connection with the 2016 petition. The court then admitted Exhibit 4 into evidence in the dissolution matter "for purposes of this record."[19] The court did not mark or admit into evidence the petition Owens filed in 2016, Wear's response, the court's order dismissing the case, or any other documents filed in connection with the 2016 petition.

Exhibit 4 is a five-page document consisting of a cover sheet, a two-page court form for a declaration, and two typed pages. The cover sheet bears handwriting indicating in relevant part that attached is the filer's "written response to the respondent's materials."[20] The two-page declaration form is also filled in by hand. It indicates that the declarant is Paula Owens and refers the reader to an attached document.[21] This declaration form is unsigned, and the space provided for the declarant's certification that her declaration is made under penalty of

---

[17] Id. at 11.

[18] Id.

[19] Id.

[20] Ex. 4 at 1.

[21] Id. at 2.

4

perjury has been left blank.[22] The final two pages appear to be Owens' typed statement submitted in response to Wear's response to her petition.[23] This document is also unsigned.[24]

The court read portions of the declaration into the record and noted that

[t]he part that is critical for this particular hearing is she says further down, "I also have divorce papers that I'm filing and I'm seeking legal counsel. Given the way he has reacted to an antiharassment order, I fear greatly that when Mr. Wear is served with the divorce papers, his anger and excessive need to be right will reach a new and possibly dangerous high.[25]

The court read another portion of the declaration in which Owens said,

If Your Honor feels that an antiharassment order should be denied due to my lack of proof as to why I need this order in effect, I would like to ask for a continuance so that I can make contacts and gather the papers needed that prove that the respondent was very abusive to me through our marriage and also confirm that (a) the majority of my struggles in life are caused by him, and (b) that it is more probable than not that he will try to harass and intimidate me to an unbearable degree should the court not issue this order.[26]

The court explained that the reason it was taking judicial notice of the declaration is that the commissioner who heard the 2016 petition dismissed the matter due to insufficient evidence, "which means he denied her request for a

---

[22] Id. at 3.

[23] Id. at 4-5.

[24] Id. at 5.

[25] RP (Mar. 1, 2018) at 12.

[26] Id. at 12-13.

continuance. And my inference from all of that is that she acquiesced in that because she thought she might be able to pursue this further in this context."[27]

The court granted Owens' request for a restraining order, imposing the restrictions Owens requested.[28] Neither the dissolution decree nor the court's finding and conclusions about the marriage include specific findings related to the restraining order.[29] Both documents refer instead to an attachment, which is a photocopy of the page of Owens' dissolution petition where she requests the restraining order.[30]

Wear appeals.

## ANALYSIS

Wear contends that the court erred when it granted Owens' request for a restraining order because the request was barred by res judicata, collateral estoppel, or both. He also argues that the court erred by taking judicial notice of documents filed in connection with the 2016 petition. Before we reach these issues, we first address Wear's motion to supplement the record.

Motion to Supplement the Record

Wear requests that the we supplement the record with the entire case file from Wear's 2016 petition. He argues that without it, the record is not sufficiently

---

[27] RP (Mar. 1, 2018) at 13.

[28] Id. at 15.

[29] CP at 7, 11.

[30] See CP at 8, 13.

complete for this court to decide the appeal on the merits.

RAP 9.11(a) provides that an "appellate court may direct that additional evidence on the merits of the case be taken before the decision of a case on review" if the following requirements are met:

> (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court.

Although it appears that the trial court may have read from or referred to several documents in the 2016 petition court file, it is clear that the key piece of evidence the court relied on was the Owens declaration admitted as Exhibit 4. We find that the conditions of RAP 9.11 are not met here because the issues before the court can be fairly resolved without additional proof of facts.[31]

Wear's motion to supplement the record is denied.

Res Judicata and Collateral Estoppel

Wear argues the court erred in awarding a restraining order to Owens because her request was barred by res judicata and collateral estoppel. Res judicata and collateral estoppel are affirmative defenses and are waived if not

---

[31] See Harbison v. Garden Valley Outfitters, Inc., 69 Wn. App. 590, 593-94, 849 P.2d 669 (1993) (denying request to supplement the record where the additional evidence did not change the court's jurisdiction analysis).

raised in the trial court by an affirmative pleading, a motion under CR 12(b), or else tried by the express or implied consent of the parties.[32] Claims of res judicata and collateral estoppel will not be considered for the first time on appeal.[33]

Wear did not raise either of these arguments in the trial court. He objected to the imposition of a restraining order but did not argue that Owens was barred from requesting a restraining order by the previous case. Because he raises these defenses for the first time here, we will not consider them.

Judicial Notice

Wear argues the court erred in considering the declaration filed by Owens in the 2016 petition. We agree.

We begin by noting that courts in dissolution proceedings have broad statutory and equitable authority to impose restraining orders.[34] Under RCW 26.09.050(1), a court entering a decree of dissolution must provide "any necessary continuing restraining orders."

We review a court's decision to impose a restraining order on a party to a decree of dissolution for abuse of discretion.[35] A court abuses its discretion when

---

[32] Farmers Ins. Co. of Washington v. Miller, 87 Wn.2d 70, 76, 549 P.2d 9 (1976); Taliesen Corp. v. Razore Land Co., 135 Wn. App. 106, 134, 144 P.3d 1185 (2006).

[33] Jumamil v. Lakeside Casino, LLC, 179 Wn. App. 665, 680, 319 P.3d 868 (2014); see also RAP 2.5(a) (with some exceptions not pertinent here, an appellate court may refuse to review any claim of error not raised in the trial court).

[34] See RCW 26.09.050(1); Blackmon v. Blackmon, 155 Wn. App. 715, 721-22, 230 P.3d 233 (2010).

[35] In re Marriage of Freeman, 169 Wn.2d 664, 671-72, 239 P.3d 557 (2010).

its decision is manifestly unreasonable or is based on untenable grounds or untenable reasons.[36]

ER 201 permits the court to take judicial notice of adjudicative facts. The rule provides that a judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[37]

A court may take judicial notice of the record presently before it or in proceedings "'engrafted, ancillary, or supplementary to it.'"[38] A court cannot, however, "while deciding one case, take judicial notice of records of other independent and separate judicial proceedings even though they are between the same parties."[39] In In re Adoption of B.T., for example, our Supreme Court held in an appeal involving an adoption proceeding that it could not consider evidence from separate dependency proceedings involving the same child.[40] Similarly, in Swak v. Department of Labor and Industries, our Supreme Court held the trial court properly refused to take judicial notice of three judgments presented by the department to demonstrate that the plaintiff had previously been awarded the

---

[36] Luckett v. Boeing Co., 98 Wn. App. 307, 309-10, 989 P.2d 1144 (1999) (quoting Lane v. Brown & Haley, 81 Wn. App. 102, 105, 912 P.2d 1040 (1996)).

[37] ER 201.

[38] In re Adoption of B.T., 150 Wn.2d 409, 415, 78 P.3d 634 (2003) (quoting Swak v. Dep't of Labor & Indus., 40 Wn.2d 51, 53, 240 P.2d 560 (1952)).

[39] Id.

[40] 150 Wn.2d 409, 415, 78 P.3d 634 (2003).

maximum amount allowable under the workmen's compensation act and was therefore unable to recover in the matter before the court.[41] The court listed numerous examples of proceedings that may be deemed engrafted, ancillary, or supplementary to the present case such that a court may take judicial notice of them.[42] Where the proceedings are separate and independent, however, judicial notice is an improper method of proof because "it would make those facts, unsupported by evidence in the case in hand, conclusive against the opposing party."[43]

Here, the trial court had no evidence in the record to support granting Owens' request for a restraining order, and Owens did not appear to testify. The court elected to rely on a declaration Owens filed in a separate proceeding two years earlier to support the finding that a restraining order should be imposed against Wear in the dissolution proceeding. This was an abuse of discretion.

Consideration of Owens' 2016 declaration is problematic for other reasons as well. The declaration was filed nearly two years prior to the trial in this matter, and no new evidence was presented to substantiate any ongoing contact or harassment by Wear or a risk of contact or harassment. Only one judicial officer had the opportunity to hear from both parties in person and assess their credibility, and that judicial officer dismissed Owens' petition for a protection order with

---

[41] 40 Wn.2d 51, 52-53, 240 P.2d 560 (1952).

[42] Id. at 53.

[43] Id. at 54.

prejudice.[44]  Perhaps more importantly, the actual exhibit referred to and relied upon by the trial court was the unsigned declaration.  Judicial notice of such a document could not apply to support the restraining order.

We vacate the restraining order.

WE CONCUR:

---

[44] See RP (Mar. 1, 2018) at 11.