**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

JOE BRANDMEIER, an individual; and )
LISA BRANDMEIER, an individual, )    No. 80111-2-I
)
          Appellants, )
)    DIVISION ONE
          v. )
)
NOELE MILLER; and )
WAH INVESTMENTS, INC., )
)    UNPUBLISHED OPINION
          Respondents. )
_____ )

MANN, C.J. — Joe and Lisa Brandmeier appeal the trial court's order dismissing their action brought under the Trust and Estate Dispute Resolution Act, chapter 11.96A RCW (TEDRA) against Noele Miller and WAH Investments, Inc. (WAH). The trial court struck the Brandmeiers' TEDRA claims under CR 12(f) and dismissed the TEDRA action after determining that the TEDRA claims were duplicative with common law counterclaims filed by the Brandmeiers in a prior lawsuit brought by Miller and others. The Brandmeiers argue that the trial court erred in relying on CR 12(f) because the TEDRA statute requires TEDRA claims be brought in a separate action. While we

Citations and pin cites are based on the Westlaw online version of the cited material.

agree that dismissal of the TEDRA action under CR 12(f) was erroneous, the error was harmless because the Brandmeiers' claims remain intact in the prior lawsuit. We affirm.

## I. FACTS

Noele and George Miller[1] contracted with Joe and Lisa Brandmeier to provide management, bookkeeping, and accounting services for Noele's real estate investment holding company, WAH. WAH owns real property 5 Lake Street in Kirkland, known as Marina Park. Joe Brandmeier provided property management services to Marina Park, and Lisa Brandmeier provided accounting and bookkeeping services.

In lieu of payment, the parties agreed that in exchange for their services the Brandmeiers would receive five percent equity interest in Marina Park. The Brandmeiers testified that George Miller told them that he expected to sell the property in three to four years. Noele Miller maintains that the parties did not agree to a fixed timeframe for the sale. The Millers subsequently sold the Brandmeiers an additional two percent interest in Marina Park for $60,000.

In May 2004, the parties prepared and signed a "declaration of trust." The declaration stated that WAH was the trustee of the Lightfelt Building (aka Marina Park), and that

> the interest in said Building is held in trust by WAH Investments, Inc. of an undivided (93%) Ninety-three Percent for and on behalf of Noele Miller, as her separate estate, and of an undivided (7%) Seven Percent for and on behalf of Joe and Lisa Brandmeier, husband and wife . . . and said trustee does not claim to have any right, title or interest in said buildings or any portion thereof, to its own use or benefit, but solely to the use and benefit of Noele Miller and Joe and Lisa Brandmeier.

---

[1] At the time of this agreement, Noele and George Miller were married. Their marriage was subsequently dissolved. The claims herein involve Noele Miller only.

The Brandmeiers recorded the declaration of trust on April 29, 2013, and again on March 19, 2014, to correct a parcel number. Miller[2] claims that she did not know that the declaration would be recorded. The Brandmeiers claimed that they recorded the trust after a "loss of trust with the Millers."[3]

Miller subsequently attempted to refinance Marina Park. Lenders who were interested in refinancing the commercial real estate loan demanded that the title be cleared by removing the declaration of trust from title. Miller approached the Brandmeiers to discuss her efforts to refinance. She claimed that they demanded a buyout or sale of Marina Park to set aside the recorded declaration. Miller was ultimately unable to refinance Marina Park.

On November 3, 2017, Miller, WAH, and another company owned by Miller, sued the Brandmeiers and their businesses (the "main case"). The complaint alleged fraud, conversion, restitution and unjust enrichment, tortious interference with contract or business expectancy, breach of contract, consumer protection act, professional negligence, and negligent misrepresentation. In the ninth cause of action, Miller sought declaratory judgment to determine the parties' respective rights, status, and legal relationships under the declaration of trust.

The Brandmeiers did not answer, but instead filed the underlying TEDRA action against Miller and WAH on December 22, 2017. The Brandmeiers petitioned the court

---

[2] "Miller" subsequently refers to Noele Miller only.
[3] The Millers and the Brandmeiers had extensive business troubles, some resulting in litigation, during this time period. Noele Miller and George Miller dissolved their marriage during this time. The complete history between the parties is unnecessary for our analysis.

(1) to remove the trustee and appoint a successor trustee, (2) for damages for the trustee's breaches of fiduciary duties and waste of trust assets, (3) for the trustee to turn over any and all documents related in any way to the establishment and administration of the Trust to the successor trustee, and (4) statutory attorneys' fees and costs incurred in bringing the TEDRA action.

On January 4, 2018, WAH was placed in general receivership and Resource Transition Consultants, LLC (RTC) was appointed as the receiver. As a result, the Brandmeiers' TEDRA action was stayed. On February 20, 2018, RTC successfully moved to sell Marina Park. Because of the pending litigation with the Brandmeiers, RTC recommended, and the court ordered, a portion of the sale price be held back. The court ordered $350,000 be interpleaded in the main case. The receivership closed on August 28, 2018.

Meanwhile, on January 24, 2018, Miller amended the complaint in the main case and deleted the request for declaratory judgment concerning the declaration of trust. In December 2018 the Brandmeiers filed an amended answer in the main case, including multiple counterclaims against WAH. The Brandmeiers' counterclaims included a claim that WAH, as trustee of the trust holding Marina Park, breached its fiduciary duties by failing to preserve the trust assets, failing to treat the trust beneficiaries equally, failing to avoid conflict of interests between the trustee and the beneficiaries, and committing waste. The Brandmeiers sought damages and an equitable recovery of their attorney fees and cost.

The Brandmeiers then moved to consolidate the TEDRA action with the main case, contending that the cases involved "substantially the same trust claims, which

raise identical factual and legal questions." The Brandmeiers also argued that the receiver interpleaded the $350,000 from the sale of Marina Park into the court registry associated with the main case. The Brandmeiers finally argued that consolidating the cases and applying the streamlined resolution procedures under TEDRA would preserve their right to statutory remedies. The trial court denied the motion to consolidate and instead instructed the parties to lift the stay in the TEDRA action and resolve whether dismissal was proper before consolidation.

On March 1, 2019, Miller moved for partial summary judgment and dismissal of the trust related counterclaims in the main case. Miller alleged that a valid trust was never created, requiring dismissal of the Brandmeiers' breach of fiduciary duty claim.[4]

On March 7, 2019, the Brandmeiers moved for partial summary judgment in the TEDRA case, asking the court to find that there was a valid trust created over Marina Park, that the Brandmeiers' had a 7 percent interest in the trust's income, losses, and assets, that WAH was the trustee, and that neither the trust nor WAH's trusteeship was revoked or terminated prior to commencement of the TEDRA action. The same day, Miller moved to strike the substantive allegations in the TEDRA claim as redundant and moved to dismiss the petition for failure to state a claim for relief.

On March 17, 2019, the trial court granted Miller's motion to dismiss, finding that the allegations in the TEDRA case were redundant of those pled and pending in the main case. The court subsequently dismissed all claims asserted in the TEDRA action

_____

[4] Miller asks this court to take judicial notice of four trial court documents and accept the inclusion of the documents as response brief appendices. The Brandmeiers do not oppose this motion. This court may take judicial notice of proceedings "engrafted, ancillary, or supplementary" to the proceeding before the court. Swak v. Dep't of Labor & Indus., 40 Wn.2d 51, 53, 240 P.2d 560 (1952). We grant the motion and take notice of the appendix.

with prejudice. The court then denied the Brandmeiers' motion for partial summary judgment as moot. The trial court also denied Miller's motion for partial summary judgment and dismissal of the breach of fiduciary duty counter claims in the main case.

The Brandmeiers appeal the trial court's dismissal of their TEDRA action.[5]

## II.  ANALYSIS

The Brandmeiers argue that the trial court erred by striking its TEDRA claims under CR 12(f). While we agree that dismissal of the TEDRA action under CR 12(f) was inappropriate, because the Brandmeiers were not prejudiced, the error was harmless.

We review a trial court's decision to strike pleadings for an abuse of discretion. King County. Fire Prot. Districts No. 16, No. 36 & No. 40 v. Hous. Auth. of King County, 123 Wn.2d 819, 826, 872 P.2d 516 (1994). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

CR 12(f) allows a trial court to strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter."[6] The Brandmeiers do not seriously dispute that the trust claims raised in the main case are largely duplicative of the trust claims raised in the TEDRA action. Indeed, in their motion to consolidate, the Brandmeiers asserted that the two matters involved "substantially the same trust claims, which raise identical factual and legal questions." The Brandmeiers instead argue that CR 12(f) should not be used to strike claims raised in a TEDRA action. We agree.

---

[5] The main case is set for trial in early 2021.

[6] CR 12(f) requires that a motion to strike made by a party must be brought prior to responding to the pleading, or if no response is required, within 20 days. The record before us does not identify whether Miller filed an answer to the Brandmeiers' TEDRA action before moving to strike.

TEDRA provides that a "judicial proceeding under this title is a special proceeding under the civil rules of court." RCW 11.96A.090(1). As such, the statutory provisions of TEDRA "control over any inconsistent provision of the civil rules." RCW 11.96A.090(1). The statute requires that TEDRA actions "must be commenced as a new action." RCW 11.96A.090(2). And further, that civil rules apply "only to the extent that [the rules] are consistent" with TEDRA. RCW 11.96A.090(4). Finally, the statute anticipates that the requirement for a new action may result in more than one judicial proceeding. As a result, TEDRA recognizes that once a TEDRA action is commenced, it may be "consolidated with an existing proceeding." RCW 11.96A.090(3).

We agree with the Brandmeiers that they were required to file a separate TEDRA action to raise TEDRA claims and that the trial court should have consolidated the Brandmeiers' TEDRA action with the main case as anticipated by RCW 11.96A.090(3).[7] While the Brandmeiers did not challenge the denial of consolidation, CR 12(f) remains in conflict with the TEDRA statute. RCW 11.96A.090(2) required the Brandmeiers to commence their claims in a new action. CR 12(f)'s authority for striking redundant allegations is consequently circumscribed by TEDRA. The trial court erred in relying on CR 12(f) to strike the Brandmeiers' TEDRA action.

The Brandmeiers fail, however, to demonstrate harm. Again, they do not dispute that their pending trust related counterclaims in the main case involve "identical factual and legal questions" as the trust claims raised in their TEDRA action. Both claims seek

---

[7] Alternatively, the trial court could have exercised its discretion under CR 12(f) to strike the duplicative trust related counterclaims in the main case.

damages for breach of fiduciary duty and attorney fees.[8] Indeed, the only identified difference is that TEDRA provides statutory discretion for a trial court to award reasonable attorney fees and costs in a TEDRA action. RCW 11.96.150. In the interest of judicial economy, the trial court should consider RCW 11.96.150 when exercising its discretion to award attorney fees and costs to the Brandmeiers or Millers in the main case based on the result of the trust related claims.[9]

Affirmed.

_____Mann, C.J._____

WE CONCUR:

_____Brennan, J_____          _____Smith, J._____

---

[8] We note that the Brandmeiers' TEDRA claims seeking removal and replacement of WAH as trustee appear moot since the only assets of the trust—Marina Park—were sold by the receiver.

[9] Both parties seek attorney fees and cost on appeal under RCW 11.96A.150(1). We decline to award attorney fees or costs to either party.