Virginia BRYFOGLE and Benjamin Bryfogle, husband and wife

v.

ACME MARKET, INC.
and
American Stores Co.

Civ. A. No. 25871.

United States District Court
E. D. Pennsylvania.

July 2, 1959.

B. N. Richter, of Richter, Lord & Levy, Philadelphia, Pa., for plaintiffs.

J. Paul Erwin, Philadelphia, Pa., for Acme Market, Inc., and American Stores Co.

HASTIE, Circuit Judge.

A motion by the defendants to dismiss the complaint for lack of essential diversity of citizenship among the parties is before the court for disposition. The suit is a negligent injury claim against two defendants, Acme Market, Inc. and American Stores Co., each sued as a Delaware corporation with a place of business in Philadelphia, Pennsylvania. The plaintiff is a citizen of Pennsylvania.

The motion to dismiss is supported by affidavits purporting to show that the place of business of each defendant in Philadelphia, as acknowledged in the complaint, is its principal place of business. On that basis the movants invoke the recently enacted Subsection 1332(c) of Title 28 United States Code, Public Law 85–554 of July 25, 1958, 72 Stat. 415, which has added to the existing statutory delimitation of diversity jurisdiction a provision that "for the purposes of this section * * * a corporation shall be deemed a citizen of * * * the State where it has its principal place of business".

The plaintiff contends that Section 1332(c) is inapplicable, arguing that it applies only when the corporation in question is a plaintiff invoking federal jurisdiction and not where the corporation is being sued as a citizen of the state of its incorporation. However, the basic and unchanged provision of Section 1332 is that "the district courts shall have original jurisdiction of * * * civil actions * * * between * * * citizens of different States". To this there has been added merely that a "corporation shall be deemed a citizen * * of the State where it has its principal place of business", as well as of its state of incorporation. As concerns the point now urged we think this language is clearly comprehensive and entirely unambiguous. It provides no basis and leaves no room for a construction which would give it force when a corporation sues but not when a corporation is sued. The reach of the statute is so plain on its face that no proper occasion arises for investigating the legislative history, as plaintiff would do, to find some indication that Congress had less in mind than it said.

The other question is whether the affidavits submitted by the defendants establish that the principal place of business of either corporation is in Pennsylvania. This, of course, would be sufficient to defeat diversity jurisdiction since it would place at least one citizen of Pennsylvania on each side of the controversy.

As concerns American Stores Co. an affidavit of the assistant secretary of the corporation, uncontradicted in the present record, avers as follows:

"That said corporation is authorized to do business in the Commonwealth of Pennsylvania;

"That the general offices of the corporation are located at 124 N. 15th Street, Philadelphia, Pennsylvania, and that said address constitutes the principal place of doing business;

"That the meetings of the Board of Directors of the corporation are held in Philadelphia;

"That approximately forty per cent of gross income from retail sales of the corporation is realized within the Commonwealth of Pennsylvania;

"That 823 retail stores are operated by the corporation of which 328 are in Pennsylvania and the remainder are located in six other states and The District of Columbia; as of March 28, 1959."

The court accepts as true the facts thus evidenced.

While the affidavit lacks detail, the court deems it enough, in the absence of any countervailing showing, to establish Pennsylvania as the principal place of business of the defendant American Stores Co.

Accordingly, the motion to dismiss will be granted.