**SHAHMOON INDUSTRIES, INC.,**
Appellant,

v.

**Louis G. IMPERATO.**

No. 14808.

United States Court of Appeals
Third Circuit.

Argued Sept. 15, 1964.

Decided Nov. 13, 1964.

As Amended Dec. 10, 1964.

**450**

Walter L. Stratton, New York City (Donovan, Leisure, Newton & Irvine, New York City, Meyner & Wiley, Newark, N. J., Edward E. Clark and Roger J. Hawke, of counsel, New York City, on the brief), for plaintiff-appellant.

Peter M. Brown, Cadwalader, Wickersham & Taft, New York City (W. Dickson Cunningham, Rahway, N. J., Jacquelin A. Swords, New York City, and Terence F. Gilheany, of counsel, on the brief), for defendant-appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

This is an action for fraud and breach of fiduciary relationship, brought by the plaintiff-appellant, Shahmoon Industries, Inc., formerly known as Warren Foundry and Pipe Corp. The basis for the action against Imperato, the defendant, lies in Imperato's activities as consultant for Shahmoon in developing and exploiting a secret process developed by Imperato for the blocking of iron ore in order to make it suitable for use in the steel industry. Jurisdiction is asserted to be based on diversity of citizenship.

The complaint originally alleged that Shahmoon was incorporated in the State of Delaware, that Imperato is a citizen of New Jersey and that the amount in controversy exceeds $10,000. The case was tried to a jury and resulted in a verdict and judgment in favor of Imperato.[1] Shahmoon has appealed on the ground that there was error in the charge to the jury.

At the argument in this court, we raised, *sua sponte*, Shahmoon's failure to allege the necessary jurisdictional facts in that Shahmoon did not set out in the complaint Shahmoon's principal place of business and that it was not the same as the state of Imperato's citizenship. See Rule 8(a) (1), Fed.R.Civ.Proc., and Section 1332(c), Title 28 U.S.C. By order of this court dated July 8, 1964, Shahmoon and Imperato were granted leave to petition the district court for leave to amend the pleadings and to take such evidence as might be necessary to resolve the diversity issue, this court retaining jurisdiction of the appeal while this course was being pursued in the court below. Upon this limited remand, the parties filed a joint motion for leave to file an amended complaint and answer. The joint motion was supported by an affidavit sworn to

1. Imperato also counterclaimed for back-salary. The jury returned a verdict in favor of Shahmoon on the counterclaim and the defendant has not cross-appealed on this issue.

by counsel for Shahmoon that he has been informed by Shahmoon and believes to be a fact that Shahmoon's principal place of business is New York City. On July 23, 1964, the court below granted the motion and permitted the amendment. The pleadings, as amended, now allege jurisdiction properly and the matter is again before us.

█ We find again, however, that we cannot decide the merits of the appeal but once more must return the case upon a limited remand for further inquiry by the court below into the jurisdictional facts. In the landmark decision of Mansfield, Coldwater & Lake Michigan Ry. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884), the Supreme Court stated, "[T]he rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." 111 U.S. at 382, 4 S.Ct. at 511. The rule of the Mansfield case has been codified in Rule 12(h), Fed.R. Civ.Proc., 28 U.S.C. The rule applies even though the pleadings are sufficient but the record does not support the allegations. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Morris v. Gilmer, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690 (1889). It is applicable also even though application of it may work in favor of the party who has invoked the federal jurisdiction, see Mansfield,

supra, because lack of jurisdiction requires a dismissal of the action "without respect to the relation of the parties to it." See also Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934).

██ If Shahmoon's principal place of business was, as is alleged in its counsel's affidavit, New York City, then the court below had jurisdiction of the case pursuant to Section 1332(c), Title 28 U.S.C., on the basis of diversity. But if Shahmoon's principal place of business was in New Jersey at the time the suit was filed, there was no jurisdiction in the court below and it must dismiss the complaint.[2] See Kelly v. United States Steel Corp., 284 F.2d 850 (3 Cir. 1960). Unless issue be joined on diverse citizenship of the parties, the court ordinarily will determine that diversity jurisdiction exists or does not exist by an examination of the pleadings. But where the record creates doubt as to jurisdiction, the trial court must determine whether there are adequate grounds to sustain its jurisdiction over the subject matter. In the instant case, we have serious doubts as to jurisdiction of the trial court from certain operative facts which appear in the record as set out immediately hereafter.

██ The determination of the principal place of business of a corporation is primarily a question of fact. See Egan v. Amer. Airlines, Inc., 324 F.2d 565 (2 Cir. 1963); Caffery v. New York Cent. R. R., 324 F.2d 711 (2 Cir. 1963); Kelly v. United States Steel Corp., supra. The record reveals that Shahmoon's principal offices are in the financial district of New York City. As a result, most of the pertinent correspondence is directed to and emanates from New York. However, an examination of Shahmoon's exhibits shows that some correspondence did emanate and was directed to the company's offices in New Jersey. The decision-making conferences, important to this litigation, were divided between New

---

2. This applies to the counterclaim as well (note 1, supra) even though that judg- ment is not the subject of appeal in this court.

Jersey and New York, although the greater number of conferences were held in New York. Shahmoon operated a mining operation in New Jersey and this is the only physical activity of the company that is revealed by the record. Shahmoon is authorized to do business in both New York and New Jersey. But our most serious doubt as to Shahmoon's principal place of business is raised by a contract entered into by and between Shahmoon, then known as Warren Foundry and Pipe Corporation, and Underpinning and Foundation Co., Inc., on September 14, 1955, and offered in evidence on behalf of Shahmoon. That contract recites that Shahmoon's principal place of business is at Phillipsburg, New Jersey. If this recital be true, the court below could not have had jurisdiction of this suit.

The facts recited are sufficient to raise doubt as to the accuracy of Shahmoon's counsel's affidavit. Of course, the evidence now before us relates only to those aspects of the corporate activities that are important to the pending litigation. Broader examination into Shahmoon's activities and a more thorough inquiry into its business should reveal the principal place of business.[3]

The affidavit relied on supplies only a bare conclusion of law. Cf. Bryfogle v. Acme Markets, Inc., 176 F.Supp. 43 (E.D. Pa.1959). Here the pleadings and record reveal facts that are inconsistent with this bare allegation. These circumstances require the court below to make appropriate findings and conclusions respecting the jurisdictional issue. The court below may, of course, receive such evidence as it deems necessary to resolve this issue.

We do not mean to imply that there has been any collusion or lack of good faith in this case. We observe that the principal counsel for both parties are New York attorneys. The federal courts in New York have tended to place greater emphasis on the principal offices as the principal place of business than have the courts of this circuit. See and compare Egan v. Amer. Airlines, Inc. and Kelly v. United States Steel Corp., supra.[4]

The case is again remanded with leave to the parties to petition the court below for leave to take such evidence as may be necessary to enable the court below to resolve the jurisdictional issue. That court shall make such findings and conclusions upon the jurisdictional issue as the facts and the law may warrant. This court will retain jurisdiction of the appeal pending the disposition of these proceedings as indicated by the court below.

3. See generally, Moore & Weckstein, Corporations & Diversity of Citizenship Jurisdiction: A Supreme Court Fiction Revisited, 77 Harv.L.Rev. 1426, 1438 (1964).

4. See ibid.