## SHAHMOON INDUSTRIES, INC., Appellant,

v.

## Louis G. IMPERATO.

### No. 14808.

United States Court of Appeals Third Circuit.

Reargued Oct. 8, 1965.

Decided Nov. 10, 1965.

Walter L. Stratton, New York City, Donovan, Leisure, Newton & Irvine, New

York City, Meyner & Wiley, Newark, N. J., Walter L. Stratton, Edward E. Clark, Roger J. Hawke, New York City, of counsel, for appellant.

Peter M. Brown, New York City, W. Dickson Cunningham, Rahway, N. J., Cadwalader, Wickersham & Taft, New York City, Jacquelin A. Swords, Peter M. Brown, Terence F. Gilheany, New York City, of counsel, for appellee.

Before BIGGS, McLAUGHLIN and STALEY, Circuit Judges.

**PER CURIAM.**

As we stated the first time this case was before us, this is an action for fraud and breach of fiduciary relationship, brought by the plaintiff-appellant, Shahmoon Industries, Inc., formerly known as Warren Foundry and Pipe Corp. The basis for the action against Imperato, the defendant, lies in Imperato's activities as consultant for Shahmoon in developing and exploiting a secret process developed by Imperato for the blocking of iron ore in order to make it suitable for use in the steel industry. Jurisdiction is asserted to be based on diversity of citizenship. See 338 F.2d 449, 450.

The case is now before us for the second time. At the first argument we raised *sua sponte* Shahmoon Industries, Inc.'s failure to allege the necessary jurisdictional facts as to its principal place of business. See Rule 8(a)(1) Fed.R. Civ.Proc., and Section 1332(c), Title 28 U.S.C. We remanded the case for further proceedings to the end that the necessary jurisdictional facts might be established. See 338 F.2d at 452.

Upon the remand the court below supplemented the original record and made findings, based on adequate evidence, and conclusions which establish diversity jurisdiction.

We have examined the record and have considered carefully the arguments of the parties. We can perceive no error in the proceedings below. Accordingly the judgment will be affirmed.