[No. 6113–1.   Division One.   March 5, 1979.]

*In the Matter of the Welfare of*
STEPHEN LESTER WARD.

*Robert Olson* of *Seattle–King County Public Defender,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Charles De-Laurenti, Deputy,* for respondent.

FARRIS, J.—Ward appeals from a juvenile court conviction for being a minor (age 16) in possession of intoxicating liquor. On August 26, 1977, a Seattle police officer observed Stephen L. Ward drinking a can of beer. Ward was taken to a police car where, in answer to questions, he represented his birth date as October 30, 1960. The officer did not give Ward a *Miranda* warning, as required by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), at any point during their brief discussion. Ward was given citations for drinking in a public place and a minor consuming alcohol and released.

At Ward's hearing in juvenile court, defense counsel, in her closing argument, objected to the use of Ward's "custodial" statement regarding his birth date because he had not received a *Miranda* warning prior to making the statement. The appeal questions (1) whether the objection to the *Miranda* violation was timely made, (2) if the objection was timely made, whether it was necessary to give a *Miranda* warning prior to inquiry regarding Ward's age, and (3) whether a juvenile court judge can take judicial notice of his court files to ascertain a defendant's age. We hold that a court in a juvenile proceeding may take notice of its files to obtain the uncontested basic fact of a juvenile's age. In so holding, we do not consider whether such files may be reviewed generally.

Ward has never challenged the fact that he is a minor. His objection to the officer's testimony concerning the age element of the offense was delayed (perhaps for tactical reasons) until the State had completed its case in chief. The objection went to the court's jurisdiction since if Ward was 18 years old or older, the court lacked jurisdiction to proceed. *Sweet v. Porter,* 75 Wn.2d 869, 454 P.2d 219 (1969).

A court is permitted to determine whether it has jurisdiction. *Shahmoon Indus. Inc. v. Imperato,* 338 F.2d

449 (3d Cir. 1964). *See In re Harbert,* 85 Wn.2d 719, 538 P.2d 1212 (1975). The juvenile court's review of its file to determine uncontested identification information of the most basic sort, *e.g.,* name, address, marital status or age, is both justified and permissible. In a juvenile setting, this information can be considered as coming from "proceedings. engrafted, ancillary, or supplementary" to the present cause. *See Swak v. Department of Labor & Indus.,* 40 Wn.2d 51, 53, 240 P.2d 560 (1952). Further, the nature of a juvenile proceeding is such that once the court assumes jurisdiction of a matter, the minority element of the offense charged is presumed unless challenged. Ward was not precluded from challenging the file's information even on appeal.

While we need not reach the *Miranda* question, we note that at least one federal circuit considers a party's statements regarding facts of basic identification about himself as outside the scope of the *Miranda* warning. *See United States ex rel. Hines v. LaVallee,* 521 F.2d 1109 (2d Cir. 1975), *cert. denied,* 423 U.S. 1090, 47 L. Ed. 2d 101, 96 S. Ct. 884 (1976).

Affirmed.

JAMES and SWANSON, JJ., concur.

Reconsideration denied June 21, 1979.