103 P.3d 844 (2004)
STATE of Washington, Respondent,
v.
[K.N.], DOB: 03-05-87, Appellant.
No. 52642-1-I.
Court of Appeals of Washington, Division 1.
December 27, 2004.
Susan Wilk, Washington Appellate Project, Seattle, WA, for Appellant.
Amy Holt, King County Prosecutor's Office, Seattle, WA, for Respondent.
*845 BECKER, J.
Appellant KN was prosecuted in juvenile court on a charge of minor in possession of liquor. The court took judicial notice of its own jurisdiction, and based on that "fact", presumed the minority element of the offense had been established as allowed by In re Ward, 22 Wash.App. 774, 592 P.2d 661 (1979). We hold this presumption violates due process and was based on an improper exercise of judicial notice. Because Ward did not consider the due process implications of its holding, its value as a precedent is minimal. The conviction is reversed.
KN was charged in juvenile court with one count of being a minor in possession of liquor. The order on arraignment, signed by KN and his attorney, included KN's birth date and a checked box next to it stating for "purposes of jurisdiction only."[1]
To convict a defendant of minor in possession, the State must prove, among other things, that the defendant is under 21. RCW 66.44.270(2). Just before the fact-finding hearing, the State asked the court to take "judicial notice"[2] that KN was under the age of 21 for purposes of establishing the minority element of the offense. The State presented the arraignment order, and called the court's attention to Ward. Over defense objection, the court tentatively ruled that Ward relieved the State of the obligation to present any additional evidence of KN's age.
The State proceeded to present a police officer's testimony that he had been dispatched to investigate a report of a juvenile drinking party at an apartment building. He contacted a person, later identified as KN, who had slurred speech, bloodshot eyes, and a strong odor of intoxicants. After being advised of his rights, KN admitted to the officer that he had been drinking.
After hearing further argument on whether the State had proved KN was a minor, the court entered a finding that KN was under 21 years of age, "based on judicial notice of juvenile court jurisdiction."[3] The court concluded as a matter of law, "The fact that the court has jurisdiction over the Respondent and the subject matter in this case establishes beyond a reasonable doubt that the Respondent is under the age of 21 and establishes the minority element of the offense charged, pursuant to I%In re Ward, 22 Wash.App. 774, 592 P.2d 661 (1979)."[4]
The court found KN guilty as charged. KN appeals, and assigns error to the court's conclusion about his age.
Ward, the case that provided the shortcut for proof of age, similarly involved a young man prosecuted for minor in possession. A police officer, upon observing Ward drinking a can of beer, took him to a police car where, in answer to questions, he stated his birthdate, which showed him to be age 16. The officer testified about this conversation without objection at the fact-finding hearing. During closing argument, defense counsel objected to the use of Ward's "custodial" statement because he had not received a Miranda[5] warning. Ward, 22 Wash.App. at 775, 592 P.2d 661. Ward appealed from his conviction, and challenged the use of his statement to the officer to prove his age. The court avoided deciding whether Ward's statement was within the scope of Miranda, and instead characterized his objection to the use of the statement as going to the court's "jurisdiction":
Ward has never challenged the fact that he is a minor. His objection to the officer's testimony concerning the age element of the offense was delayed (perhaps for tactical reasons) until the State had completed its case in chief. The objection went to the court's jurisdiction since if Ward was 18 years old or older, the court lacked jurisdiction to proceed.
Ward, 22 Wash.App. at 775, 592 P.2d 661. The court then presumed that Ward was a minor because otherwise he would have challenged the juvenile court's jurisdiction:

*846 A court is permitted to determine whether it has jurisdiction. Shahmoon Indus. Inc. v. Imperato, 338 F.2d 449 (3rd Cir.1964). See In re Harbert, 85 Wash.2d 719, 538 P.2d 1212 (1975). The juvenile court's review of its file to determine uncontested identification information of the most basic sort, e.g., name, address, marital status or age, is both justified and permissible. In a juvenile setting, this information can be considered as coming from "proceedings engrafted, ancillary, or supplementary" to the present cause. See Swak v. Department of Labor & Indus., 40 Wash.2d 51, 53, 240 P.2d 560 (1952). Further, the nature of a juvenile proceeding is such that once the court assumes jurisdiction of a matter, the minority element of the offense charged is presumed unless challenged. Ward was not precluded from challenging the file's information even on appeal.
Ward, 22 Wash.App. at 775-76, 592 P.2d 661.
Following the rationale of Ward, the court in the present case found the age element of the offense presumptively established:
So I find that the appellate case authority in this State tells me that the State is entitled to prove its element of the offense by asking the court to take judicial notice of the mere fact of Juvenile Court jurisdiction in the case.
[The prosecutor] went one step farther here by introducing in evidence a certified copy of one of the court's records on this particular case, the arraignment order, but frankly even without that I think under the Ward opinion the mere fact that we're here in Juvenile Court and jurisdiction has not been challenged or is not in issue is dispositive on that issue.[[6]]
KN's initial brief on appeal contends that Ward allows the court to presume age only where the element of age is uncontested. KN argues that Ward does not apply in his case because he did contest the element of age. We think, however, that the court below correctly read Ward as holding that KN could rebut the presumption of minority only by affirmatively contesting the court's jurisdiction.[7]
The parties submitted supplemental briefs to address this court's concern about the due process implications of Ward, and whether it is a viable precedent. KN contends that the rule of Ward violates due process because it relieves the State of its burden of proving an essential element of the offense.
The due process protections of the Fifth Amendment to the United States Constitution extend to juveniles and require that the State prove the elements of the charged offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364-65, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Ward effectively holds that a defendant who acquiesces to prosecution in juvenile court thereby waives the right to have the State prove the minority element of a minor in possession offense. As KN points out, the record does not demonstrate that KN made a knowing waiver of this constitutional right. We cannot presume that he waived such an important constitutional right. See State v. Murdock, 91 Wash.2d 336, 341, 588 P.2d 1143 (1979) (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).
Another due process principle implicated by Ward is the prohibition against the use of evidentiary presumptions that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. See Francis v. Franklin, 471 U.S. 307, 314, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). The presumption approved in Ward defeats this principle in a minor in possession case in juvenile court, because unless the defendant steps forward to contest jurisdiction, the State need not *847 carry any burden of proving the minority element.
The State contends that the court properly found proof of the age element against KN by taking judicial notice under ER 201. According to the State, KN's failure to contest jurisdiction was circumstantial evidence of his age that the judge could properly consider in the fact-finding phase of proceedings, and it was logical for the court to draw from "the uncontested fact of jurisdiction" the inference that KN was under the age of twenty-one.[8] This argument suggests that Ward, rather than establishing a mandatory presumption, merely permits a court to draw the inference of minority from the predicate "fact" of jurisdiction. A permissive inference does not necessarily violate due process. See Francis, 471 U.S. at 314, 105 S.Ct. 1965.
If one assumes for the sake of argument that the Ward court meant "inferred" when it said "presumed", the question is whether judicial notice can make jurisdiction a predicate "fact" from which an inference may be drawn. While not every use of judicial notice is regulated by the rules of evidence, judicial notice of "adjudicative facts" is governed by formalized treatment under ER 201. The tradition "has been one of caution in requiring that the matter be beyond reasonable controversy." Fed.R.Evid. 201 advisory committee's note subdivision (b). Thus, in order for the court to take judicial notice of an adjudicative fact, the fact in question must be
one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
ER 201(b).
That the juvenile court has "jurisdiction" in a particular case does not meet the subsection (1) test of being generally known. The State, invoking subsection (2), contends that the "fact of jurisdiction" was a proper subject of judicial notice because it was capable of accurate and ready determination by resort to the record of the arraignment proceeding in the same cause.[9] As a rule, a court "will take judicial notice of the record in the cause presently before it or in proceedings engrafted, ancillary, or supplementary to it." Swak v. Department of Labor & Indus., 40 Wash.2d 51, 53, 240 P.2d 560 (1952). But while a court can take judicial notice of its own records, that does not mean that it notices the truth of all facts that are asserted in those records. 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5104, p. 483 (1977).
The judge's own knowledge should not be confused with judicial notice. See Wright, § 5104, p. 485. The order on arraignment would not readily inform a non-lawyer who consulted it that the court had jurisdiction over KN's case. There is no finding as to jurisdiction, only a finding that KN's true name and date of birth "are correctly stated in the information."[10] And that finding, based on a stipulation limiting it to purposes of jurisdiction, does not establish accuracy that cannot reasonably be questioned. An individual might falsely stipulate to being under 18 hoping to take advantage of the more lenient penalties imposed in juvenile court. Under these circumstances, treating jurisdiction as an adjudicative fact is improper.
The State alternatively argues that the age element of the offense was established by KN's stipulation to his correct date of birth on the order on arraignment, a certified copy of which was introduced without objection at the factfinding hearing. But KN's attorney verbally confined the stipulation to "jurisdictional purposes only" at the arraignment hearing,[11] and the same limitation was prominently featured on the order of arraignment. The State has not explained how a stipulation limited to that purpose can lawfully be used for the different purpose of proving an element of an offense.
The result in Ward can perhaps be understood as a reaction to tactical game-playing. In that case, the State did present proof of the age element through the testimony of an officer, and Ward waited until after the State *848 had completed its case to challenge the admission of this testimony. In this case we see no manipulative tactics. The State simply was not prepared with proof of minority.
The State argues that a person charged as a minor in possession should not get to accept the benefit of being in juvenile court, which depends on being under age 18, while also forcing the State to prove the minority element of the crime. While the State's position has a certain practical appeal, adopting it could have the effect of making juvenile arraignment hearings more complicated and the court's authority to proceed less certain. Comments in the record below by the trial court and defense counsel indicate that it is a common practice at juvenile court arraignments for the defense to limit a name and date-of-birth stipulation to purposes of jurisdiction.[12] Maintaining the requirement that the State prove the elements of an offense at the fact finding hearing, without a Ward shortcut, likely serves practicality as well as due process.
But most important, it serves due process. We conclude that the use of judicial notice as authorized by Ward and followed by the trial court in this case does not stand up against a due process challenge. A respondent charged in juvenile court who stipulates to his date of birth for purposes of jurisdiction does not thereby relieve the State of proving his age by means other than the stipulation when age is an element of the offense.
The State briefly argues reversal is unwarranted because there was sufficient evidence of minority apart from the Ward presumption and the stipulation. The only other evidence was the general juvenile appearance of the drinking party, and KN's high school identification card. This is insufficient to make the error harmless under any standard.
Reversed.
WE CONCUR: ELLINGTON, A.C.J., and BAKER, J.
NOTES
[1] Clerk's Papers at 17.
[2] Report of Proceedings (May 27, 2003) at 6.
[3] Clerk's Papers at 20.
[4] Clerk's Papers at 20.
[5] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[6] Report of Proceedings (June 10, 2003) at 5.
[7] The term "jurisdiction" in reference to juvenile court proceedings is not used "in its true juridical and traditional sense"; it refers to "the procedural steps required by our Juvenile Court Law and by due process concepts whereby the superior court, sitting in juvenile court `session,' grants to prosecuting officials the `authority to proceed,' in an appropriate case, with the criminal prosecution of a child under 18 years of age." In Re Dillenburg v. Maxwell, 70 Wash.2d 331, 353, 422 P.2d 783 (1967). Practitioners should be wary of attributing to juvenile court "jurisdiction" all the rules that are associated with true subject matter or personal jurisdiction.
[8] Supplemental Brief of Respondent at 9.
[9] Supplemental Brief of Respondent at 9.
[10] Clerk's Papers at 17.
[11] Report of Proceedings (March 25, 2003) at 3.
[12] Report of Proceedings (May 27, 2003) at 9-10.