[No. 23503-3-III. Division Three. February 7, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID DEAN ROTH, *Appellant*.

558

*Susan M. Gasch*, for appellant.

*John D. Knodell, Prosecuting Attorney*, and *Carole L. Highland, Deputy*, for respondent.

¶1 THOMPSON, J.*—David Roth was convicted of the charge of minor possessing, consuming, or acquiring liquor following a bench trial. On appeal, Mr. Roth challenges the sufficiency of the State's evidence to establish that he was a minor or that he was in constructive possession of alcohol. We hold that there was sufficient evidence to establish that Mr. Roth was a minor at the time he was cited. However, because the State merely established Mr. Roth's proximity to the alcohol, and not actual or constructive possession of it, we reverse his conviction with prejudice.

## FACTS

¶2 On January 31, 2004, David Roth went to a party with his friend, Mallory Bohn. Ms. Bohn testified that she knew Mr. Roth because the two went to school together. According to her testimony, there was alcohol in the refrigerator at the party that was available to anyone and there were no adults present at the party. Ms. Bohn claimed that she did not see Mr. Roth consume any alcohol while they were at the party together. She also did not see him carrying any alcohol that evening. She did observe him leaving with Mike Keeling.

¶3 After calling a cab, Mr. Roth left the party with Mr. Keeling in the early morning hours. Mr. Roth testified that Mr. Keeling was very intoxicated at that time. As the two were waiting for the cab, Officer Jeffrey Sursely, a Moses Lake police officer, encountered them while on patrol.

¶4 Officer Sursely testified Mr. Roth was swaying as he walked and further testified that he could smell alcohol coming from Mr. Roth's person. This odor became stronger when Mr. Roth was speaking to Officer Sursely. It was Officer Sursely's belief that the smell of alcohol was coming from Mr. Roth and was not emanating just from Mr. Roth's clothing.

---

* Judge Philip J. Thompson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

¶5 Officer Sursely testified that he had asked for and received Mr. Roth's identification (I.D.) during the course of his investigative stop. Upon examining the birth date on the I.D. and smelling the odor of alcohol coming from Mr. Roth's person, Officer Sursely issued Mr. Roth a citation for minor in possession of alcohol. Officer Sursely never testified in court as to Mr. Roth's exact date of birth. He did, however, indicate that he had written Mr. Roth's date of birth down in his report. When Officer Sursely issued the citation for minor in possession to Mr. Roth, Mr. Roth only replied that he did not think the citation was fair since he and Mr. Keeling had opted to take a cab rather than drive.

¶6 Officer Stacy Boyd was present when Officer Sursely was questioning Mr. Roth and was asked to keep an eye on Mr. Roth while Officer Sursely questioned Mr. Keeling. Officer Boyd testified that he smelled alcohol on Mr. Roth's breath and his motions appeared to be slow. He further testified that Mr. Roth appeared to be intoxicated. Upon searching Mr. Keeling, the officers found approximately five or six cans of beer on his person. They did not find any beer on Mr. Roth's person.

¶7 Mr. Roth claimed that the odor of alcohol that the officers detected was the result of his taking care of Mr. Keeling, who was intoxicated, and from beer being spilled on him when the beers were poured out while talking to Officer Sursely. He asserted that he had not been drinking at all that evening. He further suggested that his slow action and intoxicated appearance could have been the result of his being tired and needing sleep.

¶8 The trial court found Mr. Roth guilty of minor possessing, consuming, or acquiring liquor based on his constructive possession of alcohol. However, the court also found that there was insufficient evidence to find beyond a reasonable doubt that Mr. Roth had actually consumed alcohol.

## ANALYSIS

¶9 Mr. Roth challenges the sufficiency of the evidence to establish either that he was a minor or that he had constructive possession of alcohol. On a challenge to the sufficiency of the evidence, this court looks to whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency of evidence admits the truth of all of the State's evidence and all inferences that can be reasonably drawn therefrom. *Id.* All reasonable inferences from the evidence must be drawn in favor of the State and most strongly against the defendant. *Id.*

¶10 The appellate court does not determine whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt. Rather, the pertinent question is whether any rational trier of fact could have found the essential elements after viewing the evidence in the light most favorable to the State. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). When there is substantial evidence, and when the evidence is of such a character that reasonable minds may differ, it is the function and the province of the jury to weigh the evidence, determine the credibility of the witnesses, and decide disputed questions of fact. *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980). This court must defer to the determinations of the trier of fact on such issues. *State v. Fiser*, 99 Wn. App. 714, 719, 995 P.2d 107 (2000). In reviewing the sufficiency of the evidence, circumstantial evidence is not considered any less reliable than direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

¶11 Here, Mr. Roth was charged with minor possessing, consuming, or acquiring alcohol in violation of RCW 66-.44.270(2)(a). This section makes it a gross misdemeanor for any person under the age of 21 to possess, consume, or

acquire alcohol. *Id.* As such, the defendant's status as being under 21 and his possession, consumption, or acquisition of alcohol must be proved by the State beyond a reasonable doubt.

*Sufficiency of the evidence that Mr. Roth was a minor*

¶12  Mr. Roth relies primarily on the case of *State v. K.N.* for the proposition that the State failed to meet its burden of proof on the element that Mr. Roth was under 21 years of age. *State v. K.N.*, 124 Wn. App. 875, 103 P.3d 844 (2004). The court in *K.N.* held that the State is not relieved of its burden of proving the age of the defendant when the defendant stipulates to his date of birth for purposes of juvenile court jurisdiction. *Id.* at 884. The court also noted that, in cases where the defendant is charged with minor in possession, control, or acquisition of alcohol, the State is required to prove the age of the defendant as part of the defendant's due process rights. *Id.* at 880.

¶13  However, here the State does not rely on the fact this case was tried in juvenile court as the basis for finding that Mr. Roth was under the age of 21 when he was cited for minor in possession. Ms. Bohn, a personal friend of Mr. Roth's, testified that there were no adults present at the party. At the least this would create the inference that Mr. Roth was a minor. Moreover, Officer Sursely asked for and received Mr. Roth's I.D. based on the belief that Mr. Roth was underage and had been drinking. He did not issue the citation for minor in possession until after having checked Mr. Roth's age. When Officer Sursely issued the citation for minor in possession to him, Mr. Roth never disputed that he was under the age of 21. He merely claimed that the citation was unfair since the two boys had decided to take a cab rather than drive.

¶14  This circumstantial evidence was sufficient to allow a rational trier of fact to determine beyond a reasonable doubt that Mr. Roth was under the age of 21 when he was cited for minor in possession, control, or acquisition of alcohol.

*Sufficiency of the evidence that Mr. Roth was in constructive possession of alcohol*

■ ¶15 A defendant possesses a controlled substance when he knows of the substance's presence, the substance is immediately accessible, and the defendant exercises dominion and control over the substance. *State v. Hornaday*, 105 Wn.2d 120, 125, 713 P.2d 71 (1986). Possession may be either constructive or actual. *State v. Dalton*, 72 Wn. App. 674, 676, 865 P.2d 575 (1994). Whether the defendant had possession of a substance is to be determined by the trier of fact by the totality of the circumstances. *State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977). Mere presence of alcohol in one's system is not enough on its own to support a conviction. *Dalton*, 72 Wn. App. at 676. However, if evidence of prior consumption is combined with other corroborating evidence, this may be sufficient to prove possession beyond a reasonable doubt. *Id.* No single factor is determinative of the existence of dominion and control. *State v. Turner*, 103 Wn. App. 515, 521, 13 P.3d 234 (2000).

¶16 Since there was no alcohol found on Mr. Roth's person, and therefore no actual possession, the State was required to show that Mr. Roth had constructive possession of alcohol. Mr. Roth challenges the trial court's finding that he was in constructive possession of alcohol based in part on his argument that the pertinent statute, RCW 66.44-.270(2)(a), requires the possession to occur at the moment of inquiry by the officer. In support of this position, Mr. Roth cites to the language of the statute as being in the present tense and to the case of *Hornaday*.

■ ¶17 In *Hornaday*, the court found that possession must occur in the officer's presence for purposes of RCW 66-.44.270, based on another statutory provision regarding warrantless misdemeanor arrests. At the time *Hornaday* was decided, RCW 10.31.100 provided that a police officer could arrest a person for a misdemeanor only when the offense was committed in the presence of the officer. LAWS OF 1979, 1st Ex. Sess., ch. 28, § 1. In 1987, this provision was amended to permit warrantless misdemeanor arrests when

the officer has probable cause to believe that a person has committed or is committing a misdemeanor involving the acquisition, possession, or consumption of alcohol by a minor. LAWS OF 1987, ch. 154, § 1; *see also* RCW 10.31.100(1); *State v. Allen*, 63 Wn. App. 623, 625 & n.4, 821 P.2d 533 (1991). Because the legislature clearly altered the language of RCW 10.31.100 to permit misdemeanor arrests when the officer has probable cause to believe that the minor *has committed* the offense of minor in possession of alcohol, Mr. Roth's assertion that the possession must be in the presence of law enforcement lacks merit.

█ ¶18 The citation was properly issued though the possession was not in the officer's presence. Nevertheless, there is insufficient evidence to support the trial court's finding that Mr. Roth was in constructive possession of alcohol. There was testimony at trial that indicated that Mr. Roth appeared intoxicated. However, the trial court concluded that there was insufficient evidence presented to establish consumption beyond a reasonable doubt. In the absence of proof of actual consumption of alcohol by Mr. Roth, the State's evidence merely demonstrated Mr. Roth's proximity to alcohol. Mere proximity, without more, is insufficient to show the dominion and control necessary to establish constructive possession. *See, e.g., State v. Amezola*, 49 Wn. App. 78, 86, 741 P.2d 1024 (1987).

¶19 In making its determination that Mr. Roth was in constructive control of alcohol, the court relied on the testimony from Ms. Bohn and Mr. Roth. Ms. Bohn testified that Mr. Roth had been at a party where no adults were present. She also stated that alcohol was in the refrigerator. She testified that she did not see Mr. Roth drinking. Mr. Roth likewise testified that he had not been drinking. He also testified that he had the odor of alcohol on his person because he had been ordered to pour out the alcohol that his companion had on his person. (The officers testified that they smelled the odor, however, before he poured out the beer.) He also said that he was very tired at the time. Apparently the court believed Mr. Roth's and Ms. Bohn's

testimonies as when asked to specifically rule on the matter by the prosecutor, the judge stated that the State had not proved Mr. Roth had been drinking beyond a reasonable doubt.

¶20 This court in previous cases has ruled that attending a party and being observed in the presence of other juveniles drinking alcohol and being stopped immediately after leaving the premises, exuding the odor of alcohol coupled with circumstantial evidence is sufficient to prove the charge of being in possession of alcohol. *See Dalton*, 72 Wn. App. at 675-77. In *Dalton*, for example, there was no dispute regarding the actual consumption of alcohol. Here, however, that necessary nexus between circumstantial evidence of having consumed alcohol and constructive possession does not exist. Having been found not guilty of having consumed alcohol, the connection between having access to alcohol and having availed oneself of that access is not present. Merely being in a room with a refrigerator full of beer, in another person's house, with no proof that the minor brought the beer or exercised dominion or control over the beer will not support a finding of constructive possession.

¶21 In *Dalton*, the exercise of dominion and control was provided by the subsequent evidence of having consumed alcohol. 72 Wn. App. at 675. No such evidence was proved here beyond a reasonable doubt.

¶22 Under the totality of these circumstances, and when the evidence is viewed in the light most favorable to the State, there was sufficient evidence to permit a rational trier of fact to find that on February 1, 2004, Mr. Roth was under the age of 21. However, the evidence presented by the State was insufficient to establish that Mr. Roth had exercised dominion and control over any alcohol. As such, the State lacked competent proof of constructive possession in this case.

¶23 The protection against double jeopardy prevents the retrial of a defendant whose conviction is overturned based on the insufficiency of the evidence. *State v. Anderson*,

96 Wn.2d 739, 742, 638 P.2d 1205 (1982). Therefore, we reverse Mr. Roth's conviction with prejudice.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.