# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68813-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| A. A., | ) | UNPUBLISHED OPINION |
| (DOB: 6/18/95) | ) | |
| Appellant. | ) | FILED: September 30, 2013 |

SPEARMAN, A.C.J. — A.A. appeals his conviction for making a false or misleading statement to a public servant, contending there is insufficient evidence to support his conviction. He argues that in order to prove the charged crime, the State had to prove that his true name and date of birth differed from what he told the police and that the only evidence of his true name and date of birth resulted from the trial court's error in taking judicial notice of these facts, as established in the order on arraignment. We agree with A.A. that judicial notice of his true name was improperly taken, but conclude the error was harmless because the remaining evidence was sufficient to support his conviction. We affirm.

<u>FACTS</u>

On November 29, 2011, Angela Rueber and Fidelito Lontoc, loss prevention agents at Nordstrom in Tukwila, watched A.A. take several North Face jackets into a fitting room. He soon left the fitting room, without any merchandise. After continued surveillance, Agent Lontoc approached A.A. and detained him as a suspected shoplifter. A.A. was taken to Nordstrom's loss prevention office, which was under audio and video surveillance, where loss prevention agents attempted to verify his identity. Agent Lontoc testified that when he asked A.A. for his name and date of birth, A.A. responded that his name was "Mohamed Asan Abdawahali" and "first stated a birthdate that added to 19. Then he changed to a birthdate that stated that he was 18."[1]

A short time later, Tukwila police officers Dan Lindstrom and James Sturgill were dispatched to the scene in response to the incident. Upon their arrival, Agent Lontoc told them about A.A.'s alleged shoplifting and passed along the name and date of birth information that A.A. had given them.

The officers made several attempts to verify A.A.'s identity. First, they ran the name and date of birth Agent Lontoc provided to them through their "dispatch," which had no record of anyone with matching biographical information. One of the officers then asked A.A. his name, to which A.A. responded "Mohamed Asan Abdawahali."[2] The officer then inquired of A.A.:

Officer:   What year were you born?

_____

[1] Verbatim Report of Proceedings (VRP) at 37.

[2] Exhibit 4.

| A.A.: | [inaudible] |
|---|---|
| Officer: | No, what year? |
| A.A. : | What year? |
| Officer: | Yeah. |
| A.A.: | '93 |
| Officer: | What month" |
| A.A.: | June[3] |

After another unsuccessful attempt to run A.A.'s purported name and date of birth, the officers placed A.A. under arrest and transported him to the Tukwila Police Department.

At the police station, the officers continued their efforts to verify A.A.'s identity. Officer Lindstrom testified that as a part of standard booking procedure he again asked A.A. for his name and date of birth; A.A. replied that his name was "Mohamed Asan Abdawahali" and that he was born on "January 1, 1993."[4] This date of birth was different from the one A.A. had provided the officers earlier at the Nordstrom loss prevention office. In light of the conflicting information, Officer Lindstrom ran A.A.'s fingerprints. After receiving the results of the fingerprint analysis, A.A. was transported to juvenile detention and booked under the name A.A.

On December 2, 2011, the State charged A.A., born on June 18, 1995, in juvenile court with one count of theft in the third degree and one count of making a false or misleading statement to a public servant. An order on arraignment was

---

[3] Exhibit 4.

[4] VRP at 83-84.

signed in which A.A. stipulated to his true name and date of birth for the purpose of establishing juvenile court jurisdiction.[5]

A fact finding hearing was held on March 13, 2012. The trial court adjudicated A.A. guilty as charged of one count of theft in the third degree and one count of making a false or misleading statement to a public servant. The trial court concluded that A.A. "did give false information to the police officer, both with respect to his age, his birthday and with respect to his name."[6] The court stated:

> With respect to the evidence of his name, the evidence is that he gave a different name other than [A.A.] and the court ... and I do not believe that the birth mother has to come to court and testify as to someone's name.
>
> The court is aware that [A.A.] was arraigned under the name [A.A.], that he was asked if that was his true and correct name and in fact not only was it established through the arraignment but also essentially in the course of the evidence he eventually admitted to the police officer that his name was [A.A.].[7]

The court entered written findings of fact and conclusions of law. The findings state that "[A.A.] told the officers that...he was born in June of 1993" and that "[a]t the station, [A.A.] told Officer Lindstrom that...his date of birth was January 1, 1993."[8]

A.A. filed a motion for reconsideration, asserting that the court erred in taking judicial notice of his name and that the remaining evidence was insufficient

---

[5] Clerk's Papers (CP) at 15.

[6] VRP at 134.

[7] VRP at 134-35.

[8] CP at 28-29 (Findings of Fact 9, 14).

to establish that he made false or misleading statements. The trial court denied his motion. A.A. appeals.

DISCUSSION

To find A.A. guilty of the charged crime, the State's burden is to establish beyond a reasonable doubt that he (1) knowingly; (2) made a false or misleading statement (3) that is material and (3) to a public servant. See RCW 9A.76.175. A.A. contends the evidence is insufficient as to the second element, arguing that "[i]n the absence of evidence regarding appellant's true name and date of birth, the State failed to prove the biographical information provided was false or misleading." Brief of Appellant at 13. We disagree.

In a challenge to the sufficiency of the evidence, we treat the State's evidence as true, and draw all reasonable inferences from the evidence in favor of the State. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The conviction will not be overturned if a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980). Deference is given to the trier of fact to weigh evidence and resolve conflicting testimony. State v. Bryant, 89 Wn. App. 857, 869, 950 P.2d 1004 (1998) (citing State v. Hayes, 81 Wn. App. 425, 430, 914 P.2d 788 (1996)).

By its express terms, RCW 9A.76.175 requires only proof of a statement that is false or misleading. One way of proving a statement is false is by comparing it to another statement known to be true, but that is not the only means of doing so. In this case, undisputed evidence shows that while at the

5

Loss Prevention Office, A.A. stated to Officers Lindstrom and Sturgill that his date of birth is in June of 1993. But once at the station, A.A. told Lindstrom that he was born on January 1, 1993. We agree with the State that "[c]ommon sense dictates that a person . . . cannot have two different dates of birth." Brief of Respondent at 8. Necessarily, at least one of the dates of birth A.A. gave to Officer Lindstrom was false. The two dates together were misleading. Thus, while it may in some instances be necessary for the State to establish the truth in order to prove the falsity of a given statement, in this case the State met its burden without such a showing.

A.A. also contends that the trial court erred in judicially noticing his purported "true" name as stated on the order of arraignment.[9] We agree. In State v. K.N., 124 Wn. App. 875, 881-82, 103 P.3d 844 (2004), K.N., a juvenile, was charged with and convicted of being a minor in possession of liquor. At his trial, in order to prove that he was under 21 years of age at the time of the crime, the State presented the order on arraignment, in which K.N. had stipulated to a date of birth in order to establish juvenile court jurisdiction. The State requested that the court take judicial notice of the date of birth asserted therein pursuant to ER 201. The trial court did so. On appeal, we held that the order on arraignment was restricted to purposes of jurisdiction only, and that the finding of a fact for the limited purpose of jurisdiction does not establish accuracy that cannot reasonably be questioned as required by ER 201(b). Similarly, here, the trial court erred in taking judicial notice of the name asserted in the order on arraignment.

_____

[9] A.A.'s contention that the trial court also took improper judicial notice of his date of birth is not supported by the record.

6

Nonetheless, because we conclude it was not necessary in this case to establish A.A.'s true name and date of birth in order to convict him of the crime of making a false or misleading statement to a public servant, and because the evidence was otherwise sufficient to sustain the conviction, any such error is harmless.

Affirm.

_Spearman A.C.J._

WE CONCUR: