NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1129
_____

DANIEL S. BOWERMAN, D.C.,

                                                            Appellant

v.

NATIONAL LIFE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2-13-cv-03345)
District Judge:  Honorable Ronald L. Buckwalter

Submitted Under Third Circuit LAR 34.1(a)
October 6, 2015

BEFORE:  FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed: July 7, 2016)
_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel Bowerman appeals the District Court's order granting summary judgment in favor of National Life Insurance Company. Bowerman complains that the District Court erred by misinterpreting a critical phrase of a disability insurance policy that resulted in the termination of his benefit. We will affirm.[1]

This opinion does not have any precedential value. Therefore our discussion of the case is limited to covering only what is necessary to explain our decision to the parties. We apply a de novo standard of review. *Viera v. Life Ins. Co. of North America,* 642 F.3d 407, 413 (3d Cir. 2011). Bowerman, a chiropractor, began receiving residual disability benefits from National Life in 1990, following a shoulder injury he suffered after falling off of his bike. The policy covered total disability but contained a Rider for Residual Disability Income Benefit. The policy contained the following language:

> Until an income benefit, for any period of continuous
> disability, has been paid to the Insured's 55th birthday, or for
> 120 months, whichever is longer, occupation means the
> occupation of the Insured at the time such disability begins.
> Thereafter it means any occupation for which the Insured is

---

[1] Although he does not disagree with the panel's analysis on the merits, Judge Smith would vacate the District Court's judgment with instructions to dismiss for lack of subject matter jurisdiction. "[A]n insurance coverage plan covering only a sole business owner . . . cannot qualify as an employee welfare benefit plan covered by ERISA." *Matincheck v. John Alden Life Ins. Co.*, 93 F.3d 96, 101 (3d Cir. 1996). Notwithstanding the allegations in Bowerman's complaint to the contrary, evidence in the record clearly shows that Bowerman's policy was an individual policy not covered by ERISA. *See, e.g.,* Supplemental App. 3890 ("We have reviewed Dr. Bowerman's policy and find it to be an individual [long-term disability] policy issued to a single insured: Daniel S. Bowerman. We therefore dispute National Life's/Unum's assertion that Dr. Bowerman's policy and Residual Disability Income Benefits claim are governed by ERISA."). In Judge Smith's view, the District Court should have dismissed for lack of subject matter jurisdiction. *Cf. Shahmoon Indus., Inc. v. Imperato*, 338 F.2d 449, 451 (3d Cir. 1964) ("[W]here the record creates doubt as to jurisdiction, the trial court must determine whether there are adequate grounds to sustain its jurisdiction over the subject matter.").

or becomes reasonably fitted by education, training or experience.

App. 40a.

The Rider had the following language: "This rider, while in force, and the policy shall be treated as one instrument. The terms of the policy shall apply to this rider unless the rider states otherwise." App. 44a. It also said: "The Insured shall be deemed partially disabled only if, due to accidental injury or due to sickness, the Insured is not able: 1. to perform one or more of the important daily duties of the Insured's occupation as defined in this policy; or 2. to engage in the Insured's occupation as defined in this policy for as much time as was usual prior to the start of disability." *Id.* Finally, the Rider stated: "The manner in which we determine: 1. periods of continuous disability prior to and after the Benefit Start Date; and 2. periods of separate disability; shall be the same as set forth in this policy." *Id.*

In the following years, Bowerman continued his chiropractic business at a reduced level, but also worked—full-time or nearly full-time—at Independence Healthcare Management-Independence Blue Cross. Additionally, he worked as a consultant. After paying him benefits for twenty-one years, National Life sent Bowerman a letter in 2011 informing him that, upon its investigation and assessment of the facts in his file, it was terminating his partial disability benefit on his fifty-fifth birthday because he no longer met the definition of disability. It determined that his full-time work as Medical Director at Independence Healthcare Management-Independence Blue Cross was fitted to his

education, training or experience, making him ineligible for continued benefits. He pursued an administrative appeal of this decision, but was not successful.

Bowerman claimed before the District Court that National Life violated ERISA by terminating his residual insurance benefit.[2] The essence of Bowerman's argument is that the District Court erred by failing to identify an ambiguity in the insurance policy, and erred by refusing to resolve the ambiguity in his favor. Specifically, Bowerman contends that the District Court erred by focusing only on the term "occupation" appearing in the policy, and not accounting for the separate term "Insured's occupation" that appears in the Rider.

The District Court determined that the plain language of the Rider tied the definition of occupation to the Policy. It further determined that Bowerman's attempt to create a distinct term in the Rider—"Insured's occupation"—with a unique meaning is not supported by the language of the policy. We agree on all points.

"'Disagreement between the parties over the proper interpretation of a contract does not necessarily mean that a contract is ambiguous.'" *Viera,* 642 F.3d at 419 (quoting *12th Street Gym, Inc., Robert Guzzardi v. General Star Indem. Co*., 93 F.3d 1158 (3d Cir. 1996).). The language of the Rider is unequivocal. The definition of partial disability is "to perform one or more of the important daily duties of the Insured's occupation as *defined in this policy*," and "to engage in the Insured's occupation *as defined in this policy* for as much time as was usual prior to the start of disability." App.

---

[2] The District Court, by stipulation, exercised de novo review over National Life's decision to terminate, pursuant to 29 U.S.C. § 1132(a)(1)(B).

44a (emphasis added). Importantly, the Rider also states that "the manner in which we determine: 1. periods of continuous disability prior to and after the Benefit Start Date . . . shall be the *same as set forth in this policy*." *Id.* (emphasis added). This plainly ties the Rider to the policy to define the term "occupation" and to understand how periods of continuous disability are determined.

Turning to the policy, it states that "[u]ntil an income benefit, for *any* period of continuous disability," has been paid for ten years or to the claimant's fifty-fifth birthday (whichever is longer) "occupation means the occupation of the Insured at the time such disability begins." App. 40a (emphasis added). We regard the use of the word "any" as complementing the Rider's language referring to the policy. "Thereafter *it* means any occupation for which the Insured is or becomes reasonably fitted by education, training or experience." *Id.* (emphasis added). The District Court reasonably interpreted *"it"* as referring to the term "occupation."

As a result, the District Court properly determined that the Rider and policy provided a definition of "occupation" that used one standard ("occupation of the Insured at the time such disability begins") in the period of continuous disability up to the first ten years or to age fifty-five (whichever is later), and a second standard to define the term after that ("any occupation for which the Insured is or becomes reasonably fitted by education, training or experience"). App. 40a.[3] For this reason, we reject Bowerman's contention that the policy was ambiguous on this point. Accordingly, we do not agree

---

[3] Because we agree that the language of the policy is not ambiguous, we conclude that reference to material extraneous to the policy is not proper here.

with his assertion that the Rider should be construed to mean that residual disability benefits are not subject to a changing standard in the determination of what the term "occupation" means.[4]

For these reasons, we conclude that the District Court's interpretation of the policy was not erroneous, and we will affirm the order granting summary judgment in favor of National Life.

---

[4]We will not address Bowerman's argument raised for the first time on appeal that the Pennsylvania Code supports his definition of occupation for partial disability.