IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39130-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RIGOBERTO ALVERADO CARRILLO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Rigoberto Alverado Carrillo appeals his conviction for resisting arrest. He contends the State presented insufficient evidence to prove beyond a reasonable doubt that he intentionally resisted arrest. We disagree and affirm his challenged conviction.

FACTS

As part of his routine duties, Officer Brandon Roy of the Spokane Police Department performs license plate checks. On the evening of February 23, 2022, when performing a license plate check, he discovered that a Dodge Durango parked in a Safeway parking lot was registered to Patrick Mead, who had an outstanding arrest warrant. Officer Roy located a photograph of Mr. Mead and began searching the area for

him with Officer Xenon Berkeley.  The officers saw a man and a woman exit the Safeway store and approach the Dodge Durango.  Officer Roy approached the man, asked for his name, and the man identified himself as Esteban Carrillo.  After the officer finished speaking with the man, the man returned to the store.

Officer Roy then looked up a photograph of Esteban Carrillo and noticed that the photograph depicted a person other than the man to whom he just had spoken.  He consulted with Officer Berkeley and decided he had probable cause to arrest the man for making a false statement.  Both officers entered the Safeway for the purpose of making an arrest.  As the officers searched for the man, Officer Berkeley noticed him leaving the store and shouted to Officer Roy, "'there he goes.'"  Rep. of Proc. (RP) at 144.

At this time, Officer Berkeley heard people shout that the suspect had a knife and was running.  As Officer Berkeley gave chase, he noticed that the suspect was about 25 yards ahead and yelled something like, "'Stop.  You're under arrest.'"  RP at 147. Officer Roy, who was in a nearby alley, heard Officer Berkeley yell something like, "'police, stop.'"  RP at 85.  Officer Berkeley eventually lost sight of the man.  Officer Roy contacted dispatch to ask for K-9 tracking assistance and establishment of a perimeter around the area.

Officer Todd Belitz and K-9 Zeus arrived on the scene to begin tracking the suspect. Officer Jacob Siegel made two K-9 tracking announcements using his patrol car's PA[1] system to alert the area that a suspect was under arrest and being tracked by a police dog, and that citizens in the area should stay inside. The announcements were heard by other officers in the area.

Zeus, tethered to Officer Belitz on a 15-foot leash, tracked the suspect's scent. The pair ended up in an alley, where several black trash bags lined a fence. Zeus began working the fence line and eventually located the suspect hiding among the garbage bags.

The suspect identified himself as Rigoberto Carrillo. Police dispatch reported that an outstanding warrant for Mr. Carrillo's arrest existed and that he was the subject of a no-contact order. Upon reviewing the no-contact order, Officer Berkeley discovered that the individual identified as the protected party in the no-contact order was the woman he had earlier seen walking to the Dodge Durango with Mr. Carrillo outside the Safeway store.

PROCEDURE

The State charged Mr. Carrillo with one count of violation of a no-contact order, one count of resisting arrest, one count of obstructing a law enforcement officer, and one

---

[1] Public announcement.

count of making a false or misleading statement to a public servant.  Witnesses testified

consistent with the facts above.

The to-convict jury instruction for resisting arrest required the State to prove four

elements beyond a reasonable doubt:

> (1)     That on or about February 23, 2022, the defendant prevented
> or attempted to prevent Todd Belitz, a peace officer, from arresting him;
> (2)     That the defendant acted intentionally;
> (3)     That the arrest or attempt to arrest was lawful; and
> (4)     That any of these acts occurred in the State of Washington.

Clerk's Papers at 125.

Following presentation of the evidence and closing arguments, the jury convicted

Mr. Carrillo of all charges.  Mr. Carrillo timely appealed.

## LAW AND ANALYSIS

The sole issue Mr. Carrillo raises on appeal is whether the State presented

sufficient evidence for a jury to find beyond a reasonable doubt that he intentionally

resisted arrest.  He argues the State presented insufficient evidence that the police sought

to arrest him, as opposed to simply detain him.  We disagree.

Due process requires that the State prove all elements of the crime(s) charged

beyond a reasonable doubt.  *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016)

(citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970);

4

U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3). "[T]he appropriate test for determining the sufficiency of the evidence . . . is whether, after viewing the evidence most favorable to the State, any rational trier of fact could have found the essential elements of [the crime charged] beyond a reasonable doubt." *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (emphasis omitted) (plurality opinion); *accord State v. Roth*, 131 Wn. App. 556, 561, 128 P.3d 114 (2006). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "Circumstantial evidence and direct evidence are equally reliable." *State v. Corbett*, 158 Wn. App. 576, 587, 242 P.3d 52 (2010). This court defers "to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence" and reviews challenges to the sufficiency of evidence de novo. *State v. Jones*, 144 Wn. App. 284, 301, 183 P.3d 307 (2008); *see Rich*, 184 Wn.2d at 903.

Here, Officer Berkeley testified that he and Mr. Carrillo were 25 yards apart when Officer Berkeley shouted something like, "'Stop. You're under arrest.'" RP at 147. From this testimony, a rational trier of fact could find beyond a reasonable doubt that Mr. Carrillo knew he was under arrest. Moreover, the State presented additional evidence that Mr. Carrillo knew he was under arrest and intentionally resisted arrest. Officer Siegel

5

twice announced over his patrol car's PA system that the suspect was under arrest and being tracked by a dog. The fact that Mr. Carrillo hid himself is circumstantial evidence that he heard the PA announcements.

We conclude the State presented sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Mr. Carrillo intentionally resisted arrest.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____          _____
Pennell, J.                                                    Cooney, J.

6